*T. R. White* and *H. W. Moore,* for appellee, were not heard.

PER CURIAM, February 6, 1922:

Plaintiffs sued to recover for injuries to Charles Sheplan, a ten-year-old child, alleged to have been suffered by him through defendant's negligence. The issues involved were submitted to the jury, who found a verdict for defendant, upon which judgment was entered; plaintiffs have appealed.

Defendant manufactures articles made of wood; one of its places of business is located on North 9th Street, Philadelphia, in front of which was piled a quantity of boards and logs; one of these logs rolled upon, and injured, the minor plaintiff, while he was playing around the pile. Plaintiffs' evidence tended to prove that the logs were so carelessly piled that an accident of the kind here complained of was apt to happen, while defendant's evidence showed due care, and the verdict indicates the jury believed the latter. After reading the testimony and examining the entire record, we find no reversible error.

The judgment is affirmed.

---

# North Penn Bank *v.* Whetstone, Appellant.

*Promissory notes—Time of payment—Condition—Presentment —Reasonable time—Affidavit of defense—Insufficiency.*

1. Where a promissory note payable on demand is given with the condition that payment thereof shall not be demanded until the maker has satisfied his present creditors to an amount named, the obligation is absolute, and the only thing uncertain is the matter of time.

2. In an action on such note brought four years after its date, an affidavit of defense is insufficient which avers that the maker "has not been able to satisfy his creditors" to the amount named in the agreement, and therefore the note is not due and payable.

3. A demand note must be presented for payment within a reasonable time after it is issued, both at common law and under the Negotiable Instruments Act of 1901; four years would seem to be the limit of a reasonable time.

Argued January 5, 1922. Appeal, No. 39, Jan. T., 1922, by defendant, from order of C. P. No. 3, Phila. Co., June T., 1920, No. 7770, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of North Penn Bank to use v. Walter Whetstone. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Assumpsit on promissory note.

Rule for judgment for want of sufficient affidavit of defense.

The court below filed the following opinion by Ferguson, J.:

This is an action upon a promissory note dated March 9, 1917, for $4,000, payable on demand to the North Penn Bank. The affidavit of defense does not deny the execution of the note or the receipt of a valuable consideration, but sets up that an indebtedness previously owing by defendant to the North Penn Bank was adjusted by the surrender to the defendant of his then existing obligations and securities, upon the payment of the sum of $11,000, and the delivery of the note in suit. Payment of this note, it is averred, was not to be demanded until defendant had satisfied his "present creditors to the extent of $100,000." It is further averred that defendant "has not been able to satisfy his creditors as specified in said agreement to the amount of $100,000, and therefore the said note is not due and no demand can lawfully be made for payment thereof by him."

In our opinion the defense is insufficient. The obligation to pay the note is absolute. There is no controversy as to the consideration for it. The debt does not come into existence upon the happening of certain events.

The only condition attached is the one that payment shall not be demanded until certain events happen. These events are to be performed by defendant. If he had other indebtedness, an obligation rested on him to discharge it, and the parties must have contemplated such discharge as well as the payment of the note in suit within a reasonable time. The note is not to become an obligation "if" the defendant pays his other creditors, but represents an absolute indebtedness which may be demanded "when" those creditors are satisfied. To assert, as the affidavit does, that the defendant has not been able to discharge this indebtedness is not to the point. His contention is that the note was payable when he discharged certain other indebtedness, not when he was able.

This is not a case of a contract to pay a debt out of a certain fund. Neither is it an obligation payable at the convenience of the obligor: Kreiter v. Miller, 1 Pennypacker 46. It is an absolute contract to pay. The only thing uncertain is the matter of time. Since the parties allowed that time to be dependent on the payment of other obligations, the law must fix the time when those other obligations should be discharged. A reasonable time only may be permitted for this and four years is certainly as much time as could be asked. This is especially true when we consider that a demand note under the provisions of the Negotiable Instrument Act of 1901, section 71, must be presented for payment within a reasonable time after it is issued. The lapse of two more years might raise a serious question as to the bar of the statute of limitations. See Second Nat. Bank of Reading v. Yeager, 268 Pa. 167; 8 Corpus Juris 412, and note.

The rule for judgment is made absolute.

Defendant appealed.

*Error assigned* was order, quoting record.

*Thomas Raeburn White,* with him *Albert B. Maris,* for appellant, cited: Marquis v. McKay, 216 Pa. 307; Breneman v. Furniss, 90 Pa. 186; Kennett Sq. Nat. Bank v. Shaw, 218 Pa. 612; Keller v. Cohen, 217 Pa. 522; Cook v. Carpenter, 212 Pa. 165.

*John C. Gilpin,* with him *Graham & Gilfillan,* for appellee, cited: Rossmassler v. Spielberger, 270 Pa. 30; Swearingen v. Dairy Co., 198 Pa. 68; First Nat. Bank of Canton v. Innes, 66 Pa. Superior Ct. 425; Harrison v. Atlee, 38 Pa. Superior Ct. 241; Second Nat. Bank of Reading v. Yeager, 268 Pa. 167.

PER CURIAM, February 6, 1922:

This case is sufficiently covered by the opinion of the court below, and, thereon,

The judgment is affirmed.

---

## Commonwealth *v.* Patterson, Appellant.

*Criminal law—Murder—New trial—After-discovered evidence—Discretion of court.*

1. The Supreme Court will not, in a murder case, reverse the action of the court below in refusing a new trial, except in case of a manifest abuse of discretion.

2. Where the application for a new trial is based on after-discovered evidence, the refusal of a new trial will be sustained, where it appears that the so-called after-discovered evidence, might have been produced at the trial, that it related to very trivial matters, not vital to the case, and that it should not and probably would not result in a different verdict.

*Appeals—Assignments of error—Criminal law—Murder—Confession.*

3. The Supreme Court will not, at the argument of an appeal in a murder case, consider a complaint as to the manner in which a confession was secured, where no error was assigned to the admission of the confession.