# Lanahan, Appellant, *v.* Clark.

# Lanahan, Appellant, *v.* Beach.

*Practice, C. P.—Affidavit of defense—Statement of claim—Denials of statement—Averment of facts by defendant.*

1. If a defendant is ignorant regarding the facts averred in a statement of claim, he must make adequate inquiries touching them, and answer accordingly. If he does not do this, his denials will be considered insufficient.

2. An affidavit of defense will be held insufficient, if it does not aver facts which clearly and certainly answer plaintiff's claim.

*Contract — Agreement for extension of time for payment — Promissory notes—Endorser — Collateral security — Sale of collateral.*

3. An agreement for an indefinite extension of time for payment of a debt, legally extends it only for a reasonable time.

4. An extension of time given to the maker of a note, will not release the endorser, if the right to proceed against the latter is expressly reserved.

5. In the absence of an agreement to the contrary, the holder of collateral security is not required to sell it, except for an amount sufficient to pay his claim in full.

6. After his debt is paid in full, the holder of collateral security can be compelled to transfer it to whomsoever the law finds is entitled to it.

*Promissory notes—Purchase after maturity—Fraud—Defenses —Act of May 16, 1901, P. L. 194.*

7. In the absence of an averment and proof of either fraud or illegality, one who purchases a note after its maturity,. will be protected from any defense which would not have been available against a prior holder in due course, under section 58 of the Negotiable Instruments Act of May 16, 1901, P. L. 194, 202.

Argued January 7, 1924.   Appeals, Nos. 6 and 7, Oct. T., 1924, by plaintiff, from orders of C. P. Allegheny Co., April T., 1923, No. 1787, discharging rules for judgments for want of sufficient affidavits of defense, in cases of Frank J. Lanahan v. Howard L. Beach and Frank J. Lanahan v. Charles H. Clark.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Assumpsit on promissory notes.

Rules for judgments for want of sufficient affidavits of defense.   Before DOUGLASS, J.

The opinion of the Supreme Court states the facts.

Rules discharged.   Plaintiffs appealed.

*Errors assigned* were orders, quoting records.

*John O. Wicks,* of *Weller & Wicks* and *C. L. Wallace,* for appellant, in No. 6.—The denials are general: Fulton Farmers' Assn. v. Bomberger, 262 Pa. 43; Wally v. Jones, 275 Pa. 250.

Plaintiff, having purchased the notes in suit after maturity from holders in due course, acquired all the rights of such holders in due course and consequently is not subject to any equities between the prior parties: Liebig Mfg. Co. v. Hill, 9 Pa. Superior Ct. 469.

The written agreement of January 30, 1922, between plaintiff and Beach, the maker of the notes, wherein plaintiff agreed not to press Beach for immediate payment did not relieve defendant from liability: Hagey v. Hill, 75 Pa. 108; First Nat. Bank v. Delone, 254 Pa. 409.

The presumptions are against defendant in this case: North Penn Bank v. Whetstone, 272 Pa. 519.

*John O. Wicks,* of *Weller & Wicks,* and *C. L. Wallace,* for appellant, in No. 7.—The presumptions are against defendant, Beach, in this case: Eby v. Hoopes, 1

Penny. 175; Second Nat. Bank of Reading **v.** Yeager, 268 Pa. 167.

The affidavit of defense is insufficient because it fixes no time within which a suitable purchaser should be procured and in the absence of such a stipulation the law presumes that payment must be made within a reasonable time: North Penn Bank v. Whetstone, 272 Pa. 519.

The affidavit of defense does not show that plaintiff violated the terms of the alleged parol agreement: Gross v. Machine Works, 277 Pa. 363.

According to the alleged parol agreement, plaintiff is holding defendant's property as security: Harper v. Lukens, 271 Pa. 144.

The affidavit of defense does not aver the necessary facts and conditions to make the alleged parol agreement a defense to plaintiff's cause of action: Com. Title, etc., Co. v. Folz, 19 Pa. Superior Ct. 28; Appleby v. Barrett, 28 Pa. Superior Ct. 349; Homewood Peoples Bank v. Heckert, 207 Pa. 231.

*John M. Freeman,* of *Watson & Freeman,* with him *Francis A. Wolf,* for appellee, Charles H. Clark.—The facts constitute a complete equitable defense: Bryson v. Trustees, 168 Pa. 352; Robinson v. Eldridge, 10 S. & R. 140; Smaltz v. Ryan, 112 Pa. 420; Steiner v. Savings & Loan Co., 98 Pa. 591.

Plaintiff was bound to apply in payment of his debt the property conveyed to him by Beach for that purpose, and his failure to do so released Clark as surety: Hutchinson v. Woodwell, 107 Pa. 509; Holt v. Bodey, 18 Pa. 207; Everly v. Rice, 20 Pa. 297; Beaver Trust Co. v. Morgan, 259 Pa. 567.

Clark, as a surety, was discharged from liability by the extension of time granted to his principal by plaintiff, without Clark's consent: Bishop's Est., 195 Pa. 85; Siebeneck v. Bank, 111 Pa. 187.

*John M. Freeman,* of *Watson & Freeman,* with him *Francis A. Wolf,* for appellee, Howard L. Beach.

OPINION BY MR. JUSTICE SIMPSON, February 4, 1924:

One opinion suffices for the decision of these two appeals, each of which is from an order of the court below discharging a rule for judgment for want of a sufficient affidavit of defense, in separate suits, one against the maker, and the other against the accommodation endorser, of certain promissory notes, which were discounted for full value before maturity, were duly protested for nonpayment, proper notice thereof having been given to the endorser; and, at the request of the maker, were subsequently purchased by plaintiff.

To meet this prima facie case, defendants deny certain of the facts averred in the statements of claim, solely because of an alleged ignorance in regard thereto. This is, of course, insufficient; having no personal knowledge touching the matters referred to, affiants were bound to make inquiries regarding them, and hence their personal ignorance only cannot be the basis of a legally effective denial of the truth of those averments: Buehler v. United States Fashion Plate Co., 269 Pa. 428.

It is further averred that (1) in consideration of the maker of the notes "continuing to apply himself to employment with the plaintiff," and in further consideration of a transfer of certain real and personal property, of a greater value than the amount of the notes, plaintiff agreed "to extend indefinitely the time for the payment of the said notes," and to hold said real and personal property "until a suitable purchaser could be procured, in which event he would sell the same...... and apply the proceeds of said sale to the payment of the indebtedness,.......and pay the balance" to the maker of the notes; and (2) plaintiff, "has failed and refused to sell said real estate and personalty,......[and] is holding and appropriating the same to his own use."

The affidavits further alleged that the maker of the notes "continued to apply himself [to employment] with the said plaintiff," until nearly a year subsequent of the maturity of the last of them, after which, the record shows, these suits were brought.

Plaintiff's alleged agreement with the maker "to extend indefinitely the time for the payment of the said notes," legally extends it only for a reasonable time, (North Penn Bank v. Whetstone, 272 Pa. 519), which, under the circumstances stated, would normally be held to have ended when the maker left plaintiff's employ. This conclusion is buttressed by the fact that the written agreement with the maker, attached to the affidavits of defense, simply states that plaintiff "will not press ......for immediate payment of the notes" by the maker, reserving, however, the right to forthwith proceed against the endorser; which reservation of course invalidates the attempted defense of the endorser that his liability ended when plaintiff gave time to the maker: Section 120, clause 6, of the Negotiable Instruments Law of May 16, 1901, P. L. 194, 210.

As to the other averments quoted, they are, of course, too indefinite to prevent summary judgment. If it was meant to say that an offer had been made for the property, which plaintiff refused to accept, the facts regarding the offer and refusal should have been averred, in order that, assuming their truth, the court might determine whether or not the refusal was improper, and resulted in loss to defendants. If it was meant to aver that plaintiff had actually converted the property to his own use, the facts touching this should have been stated, in order that, assuming their verity, the court might decide whether or not there was in fact a conversion. For all that we are told, plaintiff is simply holding the property as collateral security, until the amount due him is paid. If this be so, then, in the absence of an express agreement to the contrary, he would not be required to sell the property, except for an amount

sufficient to pay his claim in full; after which he could be compelled to assign the collateral to whichever of the parties the law found was entitled to have it: Musgrave v. Dickson, 172 Pa. 629; Harper v. Lukens, 271 Pa. 144.

Nor, so far as appears, is it important that plaintiff purchased the notes after maturity. Even if a valid defense were shown as against him,—which we have already stated is not the case,—he would, since he is not alleged to have acted illegally or fraudulently, be protected by the fact that "he derives his title through a holder in due course": Section 58 of the Negotiable Instruments Law of May 16, 1901, P. L. 194, 202.

The orders of the court below are reversed, and the records are remitted with directions to enter a judgment against each of the defendants, for such a sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgments should not be so entered.