# Maryland Casualty Company *v.* Specht, Appellant.

*Practice, C. P.—Trials—Continuance—Absence of witness—Discretion of court—Refusal.*

The action of the trial court, in refusing to grant a continuance for the absence of material witness, will not be disturbed except for manifest error.

Where the suit was brought three years prior to the time of trial, and the defendant had ample opportunity to procure his witness, the court committed no abuse of discretion in refusing to grant a continuance.

*Practice, C. P.—Statement of claim—Affidavit of defense—Information and belief—Evidence.*

A fact averred in the statement of claim, and not specifically denied in the affidavit of defense, is an admitted fact, but does not become such for purposes of trial, unless put before the jury.

Where counsel read in the hearing of the court and jury the averments set forth in the plaintiff's statement, and the defendant's reply neither denied nor admitted the facts, they could properly be taken as proven.

*Practice, C. P.—Depositions—Admission—Act of June 8, 1911, P. L. 709.*

Under the provisions of the Act of June 8, 1911, P. L. 709, testimony of witnesses outside the state can be taken orally before any person authorized by the laws of such other states to administer oaths. There is nothing in the act of assembly which requires that letters rogatory issue in pursuance to the petition and rule thereon. Where no objection was made to the taking of the depositions until they were offered at the time of the trial, and notice had been given of their taking by rule having been duly entered, the same are properly admitted in evidence.

Argued April 21, 1924. Appeal, No. 104, April T., 1924, by defendant, from judgment of C. P. Cambria Co., Sept. T., 1920, No. 124, on verdict for plaintiff in the case of Maryland Casualty Company v. C. E. Specht. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

430 MARYLAND CASUALTY CO. *v.* SPECHT, Appel.

Assignment of Error—Opinion of the Court. [83 Pa. Superior Ct.

Assumpsit to recover certain premiums on a bond, together with attorney fee. Before REED, P. J. of O. C., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $692.75 and judgment thereon. Defendant appealed.

*Errors assigned* were, among others refusal of defendant's motion to continue the case, various rulings on evidence and refusal of motion for judgment non obstante veredicto.

*John H. Stephens,* and with him *Marlin B. Stephens,* of *Stephens, Stephens & Glass,* for appellants.—The alleged admissions in the pleadings were not properly brought upon the record: Buehler v. United States Fashion Plate Co., 269 Pa. 428.

The depositions were not admissible: Act of June 25, 1895, P. L. 279, 2 Purdon 1505, (paragraph 59); Force's Petition, 265 Pa. 228; Dreisbach v. Insurance Company, 39 Pa. C. C. 676.

*George E. Wolfe,* and with him *A. Lloyd Adams,* for appellee.

OPINION BY TREXLER, J., July 2, 1924:

This action was brought to recover certain premiums due to the plaintiff, a surety company, on a bond on which it was surety, together with attorney fees, the defendant having agreed to indemnify the plaintiff from any loss by reason of its engagement.

When the case was called for trial the defendant moved for a continuance due to the absence of an important witness. Testimony was taken in support of the motion and it was shown that for four months or more he was unable to locate this witness. Some twenty letters, special delivery and registered, were sent to various

places where it was likely that the witness was and no response received and no information elicited. It was testified that the witness would stay for six months, eight months or a year when he had any dealing at a place. The court refused the continuance for the reason that the case had been continued once before due to absence of the same witness and that there was no assurance given to the court that the presence of the witness could be obtained or that his depositions be taken before the next term of court. The defendant knew the habits of the witness. He should have provided against an occurrence of this nature. The suit was brought on the 28th of June, 1920, and the present trial was had on the 20th of June, 1923. During all this time the defendant should have foreseen that some day the case would be put on the list and he should have been prepared. The refusal to grant a continuance is within the discretion of the trial judge and his action will not be overruled except for manifest error: Roebling's Sons Co. v. American Amusement & Construction Company, 231 Pa. 261. None appears here.

The next exception is directed to the admission, in evidence of the 4th, 5th and 6th paragraphs of plaintiff's statement. It appears by an examination of the record that the specific parts of the statement of claim and the replies thereto contained in the affidavit of defense were read by counsel and placed upon the record by the stenographer. The defendant claims that this is not in accordance to the ruling in Buehler v. Fashion Plate Co., 269 Pa. 428. The parts of the statement having been read and there being no counter statement, or specific denial, the facts thus sought to be established were placed on the notes of trial as admitted. In certain cases it may be required, as appellant contends, that the particular facts which are established should be stated apart from the pleadings, for the statement and the reply may not clearly dovetail so as to make the facts apparent, but in this case the necessity of this does not

arise.  The plaintiff's counsel read in the hearing of the court and the jury the averments set forth in the plaintiff's statement and the defendant's reply neither denied or admitted the facts, therefore, they could be taken as verity: Franklin Sugar Refining Co. v. Hanscom Brothers, 273 Pa. 98; Lanahan v. Clark, 279 Pa. 297.  A further endeavor to place the facts upon the record would merely have been a rereading of the plaintiff's offer, which had already been entered on the stenographer's notes.

The 5th assignment of error complains that the court erred in admitting certain depositions offered on the part of the plaintiff.  These depositions were taken in New York and the objection is that they were not taken in pursuance to an order of court, but were taken orally before a notary public and that the depositions were not taken in any of the methods prescribed by law for the taking of testimony of witnesses residing without the state and were not properly authenticated and in the petition presented to the court to enter a rule to take depositions no substantial reason was shown that the usual and settled method pursued in such cases should be departed from.  No objection was made to the taking of the depositions until they were offered at the time of trial.  Notice had been given of their taking, a rule having been entered and the rule having been served as appears by the record in the case.  The Act of June 8, 1911, P. L. 709, provides; "That testimony of witnesses outside the State can be taken orally before any person authorized by the laws of such other states to administer oaths."  This would seem to be a complete answer to defendant's objection.  There is nothing in the Act of Assembly which requires that letters rogatory issue in pursuance to the petition and rule thereon.  The objection that the witnesses were not sworn and that the depositions were not properly authenticated is answered by the learned president judge of the orphans' court when he points out that the certificate attached to the

depositions shows that the party taking them was a notary public; that the witnesses were sworn and deposed the matters contained in the depositions, and that all the provision of the Act of Assembly had been complied with.

The 6th assignment, we consider unimportant. It is an objection to the witness being shown a paper and being asked to explain what it was. The evident purpose of the questions and answers were only to identify the paper.

The same may be said of the 7th and 8th assignments. As to the proposition that the Casualty Company had incurred certain attorney fees and cost in defending the action, we do not think the fact that the attorney fees had not been paid affected the question as long as the responsibility attached to the company and its obligation to pay was present.

The 9th assignment is to the refusal of the court to direct a verdict for the defendant, and the 10th is to the refusal of a new trial. They require no notice.

The remaining assignments are to the charge of the court. It is claimed that the charge was inadequate and misleading and that the principal issues in the case were not properly submitted to the jury. We do not think it will serve any good purpose to go over the charge in detail for the purpose of controverting this statement. Sufficient to say we find no error therein. There was no request made for more adequate instructions nor for specific reference to any particular element of the case.

All the assignments of error are overruled and the judgment is affirmed.