## Penn Paper and Stock Co. v. York Paper Manufacturing Co.

*Practice — Plaintiff's statement — Uncertainty—Interlineations—Striking off.*

1. A plaintiff's statement which avers that the plaintiff sold to the defendant twenty carloads of goods on terms allowing the defendant a discount of 2 per cent. if payment was made within ten days, that defendant paid for all the goods, less 2 per cent. of the specified price, that nine carloads were not paid for within ten days, without indicating specifically which nine carloads were not so paid for, and claiming the 2 per cent. deducted from the price of the nine carloads, is uncertain and will be stricken off.

2. A plaintiff's statement, the body of which is in typewriting, with interlineations in ink, without any explanation whether the interlineations were made before or after the statement was signed and verified, is defective.

Motion to strike off plaintiff's statement. C. P. York Co., April T., 1924, No. 92.

*Robert C. Fluhrer*, for motion; *John A. Hoober*, contra.

Ross, J., Jan. 26, 1925.—The plaintiff's statement, in the third paragraph, states: "Defendant purchased from plaintiff twenty cars of merchandise of the character, in the quantity, on the dates and at the prices shown by Exhibits '1, 2, 3, 4 and 5,' attached hereto, made a part hereof and to the court shown. Said exhibits being true and correct copies of the original orders. *Duplicate invoices are attached hereto and marked Exhibits A to T, inclusive.*

The words underscored [here in italics] are written with pen and ink in a very small and, to a weak-sighted judge, in almost indecipherable characters.

The sixth paragraph says: "Under the terms of said orders, as shown by said Exhibits '1, 2, 3, 4 and 5,' the said goods was sold and delivered on the terms of 2 per cent. for cash and in ten days or net thirty days."

The seventh paragraph says: . . . "all of the goods . . . were paid for by the defendant to the plaintiff, less a deduction of 2 per cent. on the twenty cars."

The eighth paragraph says: "In accordance with the terms of the said contract, the defendant was entitled to a deduction of 2 per cent. on eleven cars, but was not entitled to a deduction of 2 per cent. on the remaining nine cars, as payment for the remaining nine cars was made after the period of ten days."

Defendant invokes the protection of the "Practice Act of 1915" by filing the following worded motion to strike off:

"And now, the 23rd day of June, 1924, comes into court the defendant, by his counsel, Robert C. Fluhrer, and respectfully moves the court to strike from the record the plaintiff's statement of claim in the above named action filed June 21, 1924, for the reason that the said statement does not conform with the provisions of the Practice Act of 1915, in this: that the said statement does not contain a concise and summary form of the material facts on which the plaintiff relies for his claim; that the statement fails to aver who constitutes the York Paper Manufacturing Company; that paragraph 8 sets forth that the defendant was entitled to a deduction of two (2%) per cent. on eleven (11) cars, but was not entitled to a deduction of two (2%) per cent. on the remaining nine (9) cars, as payment for the remaining nine (9) cars was made after the period of ten (10) days, the plaintiff failing to designate in reference to the exhibits attached to the said statement on which nine (9) cars the defendant was not entitled to the two (2%) per cent. discount; that paragraphs 3 and 4 of the statement contain hand-written inter-

lineations without any explanation as to whether the same were made before or after the said statement was signed and sworn to."

We cannot sustain the first reason alleged in the motion to strike off, because the first paragraph of plaintiff's statement plainly states that "plaintiff is an individual, William J. McGerity, trading as the Penn Paper and Stock Company."

The remaining reasons given to support the motion to strike off the statement must be affirmed.

The statement charges the defendant with the failure to pay a certain amount, which is alleged to be the aggregate amount of discount on eleven carloads of merchandise, without designating which of the cars, among the twenty cars purchased and paid for, were the cars in which the alleged delinquency happened.

It has been frequently decided that a statement of claim must be made with the same particularity that is required of an affidavit of defence, for an affidavit of defence will be held insufficient if it does not aver facts which clearly and certainly answer plaintiff's claim: Lanahan *v.* Beach, 279 Pa. 297.

The statement now before us cannot be clearly and certainly answered if its paragraphs do not clearly, definitely and certainly state the facts upon which plaintiff expects to recover.

And now, Jan. 26, 1925, the statement is stricken from the records, and a more definite statement will be allowed to be filed within fifteen days from this date; the new statement to be served upon defendant in the manner required by the statute.     From Allen C. Wiest, York, Pa.