## Minshall v. Minshall

*Edward D. McLaughlin* and *Donald H. Hamilton,* for libellant.

MACDADE, P. J., December 21, 1944.—Libellant in this case is a seaman first class in the service of the military forces on the Pacific Ocean. His address is U.S.S. Sierra (AD-18), c/o Fleet Post Office, San Francisco, Calif. The last known address of respondent, his wife, is 415 South Tremont Street, Oceanside, Calif. This action was instituted on May 12, 1944. Since then, libellant has not been in Pennsylvania and there is no likelihood that he will be within the limits of the continental United States for some time to come.

A petition was presented to the court on Friday, December 1, 1944, asking the court to appoint an examiner to take libellant's testimony. The court requested counsel for libellant to submit a brief showing the court's authority to do so.

Under date of October 6, 1944, counsel for libellant wrote to him requesting that he see his commanding officer and have him advise the name of a person qualified to administer oaths and to take libellant's testimony. Pursuanto thereto, counsel for libellant received a letter from libellant's commanding officer designating Lieutenant (junior grade) Robert H. Bishop as the examiner. Of course, it is necessary that someone in contact with libellant be appointed to take his testimony in view of the obvious fact that he is not otherwise available. The authority under which it is

sought to take libellant's testimony through the medium of an examiner is the Act of June 8, 1911, P. L. 709, sec. 1, 28 PS §9, which provides:

"Hereafter, where the testimony of any witness is desired to be read in evidence upon the trial or hearing of any cause or matter now or hereafter pending in any of the civil courts of this Commonwealth, and such witness resides in any other State or in any foreign country, the court may, on the application of either party, provide for the taking, in such other State or foreign country, of the testimony of such witness or witnesses orally, before an examiner appointed by the court, or before any person authorized by the laws of such other State or foreign country to administer oaths. In granting any such application the court may impose such terms, if any, as to the payment by the party applying therefor of the costs and expenses involved, including reasonable counsel fees and traveling expenses, as it shall deem proper, and may prescribe the notice to be given and the time within which such testimony shall be taken."

It is noted that this act provides for the taking of testimony of any witness *in any foreign country.*

The Act of June 25, 1895, P. L. 279, 28 PS §6, is not applicable because it applies only to the taking of testimony of witnesses *within the United States.* This act provides:

"From and after the date of the passage of this act, the testimony of witnesses to be read in evidence upon the trial or hearing of any cause or matter pending or hereafter to be brought in any of the civil courts of record of this Commonwealth, when such witnesses reside beyond the limits of said Commonwealth, but within the United States, may be taken upon a rule entered in the office of the prothonotary of the court of common pleas of the county where such cause or matter is pending, in like manner as rules are now entered for the taking of the testimony of witnesses re-

siding within the Commonwealth, and upon notice to be given to the other side in like manner as now provided by existing law or rule of court: Provided however, That such notice of the time and place of taking said testimony shall be given at least twenty (20) days before the time fixed in said notice for the taking of the testimony, and testimony so taken upon such rule and notice shall be entered in the prothonotary's office and have effect as though the same had been taken within the limits of the Commonwealth of Pennsylvania."

Under the acts providing for the taking of testimony of witnesses outside Pennsylvania, a party to a suit is considered a witness: Cunnius v. Reading School District, 25 Pa. C. C. 17; Sims v. Cooper et al., 27 Dist. R. 471.

Rule 63 of this court relates to a commission to take the testimony of witnesses outside the State, but does not say whether the procedure therein provided is limited to the limits of the continental United States or not. Said rule provides as follows:

"Either party may enter a rule as of course for a commission to take the testimony of witnesses outside of the State, but the interrogatories must be filed in the prothonotary's office at the time, and written notice of the rule and of the name and address of the commissioner, and a copy of the interrogatories, must be served on the adverse party at least fifteen days before the commission issues. Within said fifteen-day period the adverse party may file cross interrogatories and nominate a commissioner on his part, and immediately upon so doing he shall serve a copy of the cross interrogatories upon opposing counsel, and, if he names a commissioner, give notice of the name of said commissioner to opposing counsel. At the expiration of said fifteen-day period the commission shall issue."

Rule 64 of this court relates to letters rogatory, and, of course, is not applicable for the reason that such letters are addressed to a judge.

Rule 78 of this court provides for procedure under the Act of 1895 mentioned above to take depositions of witnesses residing outside Pennsylvania, but within 100 miles of the courthouse. Said rule provides:

"Either party may enter a rule as of course, in accordance with the provisions of the Act of June 25, 1895 (P. L. 279), to take the depositions of witnesses residing beyond the limits of the Commonwealth, and within one hundred miles of the court house, upon at least twenty days' notice to the adverse party, subject, however, to the action of the court if desired by the adverse party. If the witnesses reside beyond the State, and more than one hundred miles from the court house, their testimony shall not be taken by depositions except by agreement, or upon a rule to show cause."

Section 37 of The Divorce Law of May 2, 1929, P. L. 1237, 23 PS §37, provides:

"The court may, upon the application of either party, and upon such terms as it may order, authorize and direct the master to take testimony of witnesses in any other county, State, or territory subject to the jurisdiction of the United States, or in any foreign county."

For obvious reasons, this cannot be invoked.

British and Foreign Trust, Ltd., v. Girard Trust Co. et al., 24 Dist. R. 654, discusses both the Act of 1895 and the Act of 1911. It holds that the Act of 1911 did not supersede the Act of 1895, but that the Act of 1911 may be invoked where it is desired to take the testimony of a person beyond the continental limits of the United States. In that case, it was said (p. 656) :

"Whether a rule is taken for a deposition, commission or letters rogatory, it is within the power of the court to determine which is the best mode to adopt in any case which may arise, taking into consideration the number of witnesses, the means of securing their attendance, and the distance between the place of trial and the place where the testimony is to be taken, out

of which would arise other and important matters which must be considered, such as the expense and the convenience of the parties and their counsel."

In Ohlweiler v. Ohlweiler, 72 Pa. Superior Ct. 518, it appeared that libellant obtained, a divorce on the ground of desertion. Subsequently, his wife presented a petition to set aside the decree on the ground that she was a minor when the divorce was granted and that no guardian ad litem was appointed. In order to prove her age, a commission was issued to a witness residing at Prince Edward Island, Canada, who delivered respondent when she was born. The court in holding the procedure proper said (p. 522):

"The objection of the appellee to the issuance of a commission to take testimony to a commissioner outside of the United States is without merit. Such a commission may issue to a foreign country."

The appointment of an examiner under the Act of 1911 was approved in Maryland Casualty Co. v. Specht, 83 Pa. Superior Ct. 429. In that case, objection was taken to the procedure followed. The court said in dismissing the objection (p. 432):

"The objection that the witnesses were not sworn and that the depositions were not properly authenticated is answered by the learned president judge of the orphans' court when he points out that the certificate attached to the depositions shows that the party taking them was a notary public; that the witnesses were sworn and deposed the matters contained in the depositions, and that all the provisions of the Act of Assembly had been complied with."

With regard to administering oaths, the Act of Congress of April 9, 1943, c. 36, 57 Stat. at L. 58, 34 U. S. C. §217a-1, provides:

"During the existence of a war in which the United States is engaged or of a national emergency declared by the President, and for six months after the termination of such war or national emergency, such of-

ficers of the Navy, Marine Corps, and Coast Guard, as the Secretary of the Navy may designate, shall have the general powers of a notary public in the administration of oaths; the execution, acknowledgment, and attestation of instruments and papers; and the performance of all other notarial acts. . . . *And provided further*, That the signature without seal of any officer of the Navy, Marine Corps or Coast Guard acting as such notary public shall be prima facie evidence of his authority."

Under the above statutes and decisions, the procedure desired to be followed in this case is eminently proper; hence the following

### Order

And now, to wit, December 21, 1944, upon consideration of the within petition, it appearing that libellant is serving overseas with the armed forces of the United States, it is ordered, adjudged, and decreed that Lieutenant (junior grade) Robert H. Bishop, 3rd, D-V (G), U. S. Naval Reserve, be and the same is hereby appointed examiner to take the depositions of Thomas G. Minshall, libellant above named, to be read in evidence upon the hearing in the case.