## Moerke *v.* Peterson Motors, Inc., Appellant.

*Sales—Ratification—Conversion—Fraud.*

In an action in trover to recover damages for the conversion of an automobile, plaintiff testified that defendant fraudulently received her car, from her husband without her consent, in exchange for another new car. It was admitted that the new car was kept in a garage for which plaintiff paid the rent, that she drove about in it with her husband and was with him in it when it was taken by the company who financed the purchase for the non-payment of notes. She made no complaint to the defendant for more than a year after the delivery of the second car. Under such circumstances there could be no recovery.

Even though the husband did not have express authority to trade in plaintiff's automobile, her conduct after knowledge of the transaction and her silence as to the alleged fraudulent character of the sale was conclusive evidence of ratification, acquiescence, and approval.

Argued October 12, 1927. Appeal No. 162, October T., 1927, by defendant from judgment of C. P. No. 2, Philadelphia County, June T., 1921, No. 6918, in the

case of Elizabeth Moerke v. Peterson Motors, Inc. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Reversed.

Trespass to recover damages for the conversion of an automobile.  Before DAVISON, P. J., 39th Judicial District Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of four hundred dollars and judgment thereon.  Defendant appealed.

*Error assigned* was the refusal of motion for judgment non obstante veredicto.

*Franklin E. Barr,* for the appellant.—A person who himself has not acted in good faith cannot recover on the ground of fraud: Wood v. Wood, 263 Pa. 521; Corporation Funding & Finance Company, Inc. v. Stoffregen, 264 Pa. 215; Commercial Car Company v. Murphy & Sons, 275 Pa. 105; Philadelphia & Delaware County Railway Company v. Conway, 177 Pa. 364; Oppenheimer v. Wright, 106 Pa. 569; Phillips v. Meily, 106 Pa. 536; North & West Branch Railway Company v. Swank, 105 Pa. 555.

*David R. Griffith, Jr.,* for appellee.

OPINION BY LINN, J., December 15, 1927:

This case as tried was an action in trover for the conversion of an automobile alleged to belong to plaintiff, who averred that defendant "acted fraudulently" in obtaining the car from her April 28, 1920.  She contended that defendant knew the car belonged to her and received it from her husband without her consent on that date.  The jury was instructed that if they found those facts they "might perhaps find that it was fraud" on the part of the defendant, entitling her to a verdict.

The documentary evidence shows that she bought the car May 14, 1919. She permitted her husband to use the car,—"he used to go out and use the car at 52nd & Market Streets as a taxi." After September 1919 she conducted a boarding house in Atlantic City where the car was kept. She called a witness who testified that both she and her husband came to defendant's place of business on April 28, 1920 and bought a new car for $2850.00, and turned in her car for $1000. as part payment, and that "she carried on the negotiations for the purchase of the car," though the affidavit of transfer was made by her husband. The receipt which she offered in evidence shows that the entire consideration was paid in full on that date. In her testimony she denies that she was present when the new car was bought; she states that she remained in Atlantic City and that her husband drove the car to Philadelphia, and returned the same day with the new car; that she then knew of it; that it was put in a garage for which she had paid the rent; that she traveled about in the car with her husband from time to time until it was repossessed while in the custody of herself and her husband near New Brunswick, N. J. during the latter part of August, 1920, not by defendant, but by a lien holder from whom her husband had borrowed the money which he had paid to the defendant for the car. She made no complaint to the defendant about the transaction from April 28, 1920 until she brought suit August 11, 1921.

If, as her witness testified, she was present and participated in the purchase of the second car and the transfer of hers in part payment, of course she had no case; but, as the jury found for her, we disregard the evidence that she was present and participated as the witness testified.

But, if we assume that she was not present, we are of the opinion that she still is not entitled to recover, because her conduct after knowledge of the transac-

tion, the continued use of the new car and her silence as to the alleged fraudulent character of the sale of her car from April 28, 1920 until August 11, 1921, is such conclusive evidence of ratification, acquiescence and approval of what her husband did as to preclude recovery: Sec. 23 of The Sales Act of May 19, 1915, P. L. 543, 550.

The judgment is reversed and is now entered for the defendant.