## Transbel Investment Company, Inc., *v.* Scott.

Argued March 24, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Harvey A. Miller*, of *Miller & Nesbitt*, for appellant.

*William S. Doty*, with him *Thomas A. Thornton*, of *Doty & Thornton*, and *Robert F. McGuinness*, for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 11, 1942:

Defendant, John B. Scott, and his wife, now dead, on August 20, 1925, executed and delivered to A. J. Richey the promissory note under seal here sued upon. It was given as part consideration for real estate in Florida, purchased by the makers from Richey, the owner of it. The note is for $5,333.00, payable in quarterly installments. Payments made by the makers have reduced the amount due to $3,573.00. The obligation was signed in Miami, Florida, and is there payable. The last payment was made on August 20, 1926. Interest is claimed from that date, also interest on the interest unpaid. The latter claim is valid under Florida law: *Morgan v. Mortgage Discount Co.*, 100 Fla. 124, 129 So. 589.

March 19, 1926, Richey, the payee, endorsed and delivered the note, with other notes, to Miami Bank & Trust Company as collateral for his note for $100,000.00, representing money lent him by that bank. $10,000.00 was paid on account of the indebtedness, which thereafter was evidenced by two notes, one for $40,000.00 held by the Miami Bank & Trust Company, and one for $50,-000.00 held by a bank in Georgia. Both notes were se-

cured by the same collateral, and are now held by plaintiff corporation, which acquired them, for a consideration, from Tarrier Company, which had purchased them. At the trial in the court below, binding instructions were given to find in plaintiff's favor for $9,471.00, which the jury did, and from the resulting judgment we have this appeal by defendant.

Three questions are raised by the appellant: (1) Had the plaintiff sufficient knowledge of dishonor of the note, more than ten years past due when acquired, to prevent recovery by it as a holder in due course? (2) Can the real owners of the note hide behind the corporate entity of plaintiff, and thus escape knowledge of defects, infirmities and notice of dishonor, so as to recover in the name of the corporation as a holder in due course? (3) Is laches a bar to plaintiff's right to recover, on the ground that this is an action at law in the nature of a proceeding in equity for specific performance of a contract to sell real estate?

As to the second question that some one, probably Richey, or he and two others, are using the corporation as a screen, it is sufficient to say there is no evidence to support the allegation.

So far as the third question is concerned, that it lies with defendant to raise the defense of laches, we point out, that this is an action at law to recover on a promissory note under seal and the Statute of Limitations on such a contract in the State of Florida is twenty years: Fla. Comp. Gen. Laws Ann. (1927), Vol. 2, Sec. 4663. In this State there is no Statute of Limitations on such an instrument. There is a presumption of payment after twenty years: *Conrad's Est.*, 333 Pa. 561, 3 A. 2d 697. Suit was begun ten years before the twenty-year period expired. This being the situation, laches is not assertable as a defense. Plaintiff, suing at law, had the full twenty years' period in which to begin action. To say, as observed in *Heights Land Co. v. Swengel's Est.*, 319 Pa. 298, 179 A. 431, that a suit for purchase money of real

estate is a substitute for a bill in equity for specific performance, does not mean that this action at law on a negotiable instrument is one in equity, so far as applying the doctrine of laches to the plaintiff's demand is concerned. Laches is a purely equitable doctrine, that of "stale demand": 19 Am. Jur. 338. "The defense may not be invoked in a court of law, the action of the latter court being governed by the statute of limitations": Ibid. 339; *United States v. Mack,* 295 U. S. 480, 55 S. Ct. 813. "If the case is one over which courts of law and courts of equity have concurrent jurisdiction, the decision is governed by the statute of limitations which is applicable to an action at law": 19 Am. Jur. 342.

The basic question in the case is the first one stated by appellant. Is plaintiff a holder of the note in due course? We think it clear, under statute and decision, that plaintiff has all the rights of such a holder. To show this we restate the controlling fact that Richey, the payee, endorsed and delivered the note to the Miami Bank & Trust Company as collateral security for his note of $100,000.00. Under section 59 of the Negotiable Instruments Law there is a prima facie presumption that the bank was a holder in due course and this status was never contested or rebutted by the defendant: *Putnam v. Ensign Oil Co.,* 272 Pa. 301, 116 A. 285; *Houston v. McCaslin,* 65 Pa. Superior Ct. 28; *Sample v. Wilson,* 101 Fla. 818, 134 So. 549. Section 58 of the Negotiable Instruments Law states: ". . . a holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect to all parties prior to the latter": Act of May 16, 1901, P. L. 194, Ch. 1, Art. IV, Sec. 58, 56 PS Sec. 138; *Putnam v. Ensign Oil Co.,* supra; *Lanahan v. Clark,* 279 Pa. 297, 302, 123 A. 798. The same provision is in the Florida statute: Fla. Comp. Gen. Laws Ann. (1927), Vol. 3, Sec. 6817; *Wiers v. White,* 142 Fla. 628, 196 So. 296. The plaintiff here is not a party to any fraud or illegality affecting the instrument.

We have discussed the only three questions which are stated as being involved. All of them must be adjudicated against defendant.

Judgment affirmed.