Brehm, Appellant, *v.* Wyoming Bank and Trust Co.

Argued Nov. 30, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Francis T. Anderson,* with him *Robert Levin,* for appellant.

*H. James Sautter,* with him *Thomas G. Hawkes,* for appellee.

OPINION BY MR. JUSTICE LINN, January 18, 1945:

Prior to and at the time of the transactions disclosed in the record, the plaintiff was engaged in business in Philadelphia trading as Hygienic Sanitation Company. His wife took an important part in the business. In a suit brought by him against her, reported in 347 Pa. 271, 32 A. 2d 216, one phase of their business relations was considered. In the Corn Exchange National Bank, the plaintiff, in the name of Hygienic Sanitation Company, maintained an account, largely managed by his wife, pursuant to a letter of attorney given by him, which not only authorized her to draw checks but even to borrow money on the credit of Hygienic Sanitation Company.

The account involved in this suit was opened on December 22, 1937, by Mrs. Brehm in the Wyoming Bank & Trust Company, defendant, checks to be drawn by Hygienic Sanitation Company, Mrs. George S. Brehm. The account was active until November 1, 1940;[1] at various times she deposited checks drawn to the order of Hygienic Sanitation Company and also cash. Checks were drawn on the account from time to time for various purposes, inter alia, for payroll of Hygienic Sanitation Company, to pay creditors of the company, certain sums for appellant's son's tuition at Mercersburg Academy and Camp Wauban, life insurance premiums, appellant's lodge dues, department store bills, and a lawyer's bill. The total of all deposits was $16,769.78. When the account became inactive, $16.33 remained.

On September 17, 1942, the plaintiff brought this action of assumpsit (amended to trespass) against the bank, claiming that the transactions with defendant were

---

[1] The Brehms were apparently living together during all this time. Mr. Brehm testified: "Q. Assuming that the suit [by Brehm against his wife] was started in January, 1941, Mr. Brehm, as nearly as you remember how long before that did you move out of the house where you and Mrs. Brehm had been living? A. Probably a month or two."

unauthorized with resulting liability to him for the amount of the total deposited, notwithstanding admitted payments for his account. The bank defended on the ground that the transactions were for plaintiff's account, were authorized and were ratified by him; defendant also averred that in any view he was barred for want of prompt notice.

The defendant had presented a written point for binding instructions. The jury, after having been out some time, reported inability to agree. The learned trial judge then stated that he would ". . . now do what I think I should have done long ago and that is dispose of this case as a matter of law." He then instructed the jury to find a verdict for the defendant. On the verdict so rendered, judgment was entered and from that judgment plaintiff has appealed.

The learned judge had the power to direct the verdict; he was not required to postpone final action until a motion could be made for judgment on the record, after disagreement of the jury, pursuant to the Act of April 20, 1911, P. L. 70, 12 PS section 684.

The evidence on behalf of the plaintiff shows that he is not entitled to recover. In July, 1935, Mrs. Brehm opened a savings account with defendant bank (not the account involved in this suit) in the name of Hygienic Sanitation Company by Mrs. George S. Brehm, and between that date and August 10, 1938, an important date, as will appear later, the sum of $8,384.23 was deposited in this account and $8,337.23 was withdrawn, leaving a balance of $47.00 on that date.

In the account involved in this suit, there was deposited prior to August 10, 1938, $1,359.52 against which checks were drawn in the amount of $1,087.39, leaving a balance of $272.13. If we make the violent assumption that plaintiff, prior to August 10, 1938, knew nothing about the account and that the opening of the account was not within the scope of the authority admittedly conferred on her when he gave her "charge of the fi-

nances of the business," he was then advised [2] of it by an attachment execution on a judgment against him attaching both accounts in defendant bank. He was notified and consulted counsel; no deposits were made between the date of the attachment and January 23, 1939. In the interim, his counsel proceeded, inter alia, to have the judgment opened and the attachment attended to. Plaintiff provided for the satisfaction of the judgment and, by letter dated January 24, 1939, was advised by his counsel that the judgment had been satisfied and the attachment ended. In his petition, signed and sworn to by him, and filed in the proceeding to open the judgment on which attachment execution had issued, the plaintiff stated: "2. Defendant was not aware of the entry of this judgment until the 10th day of August, 1938, when notice of it was brought to his attention by the issuance of an Attachment Execution against his bank account in the Wyoming Bank and Trust Company." His petition asked "That the Attachment Execution against the Wyoming Bank and Trust Company be vacated and set aside." After the attachment was satisfied, the account again became active until November 1, 1940. From the time of his action to satisfy the judgment and relieve his account from the effect of the execution, until July 25, 1942, he made no complaint to the bank concerning the account; on that date his counsel wrote to the bank stating that plaintiff ". . . has a claim against your bank growing out of the account opened about December 22, 1937, in the name of 'Hygienic Sanitation Co., Mrs. George S. Brehm' " and stating that before "instituting an action" he desired "to discuss this matter with your attorney."

It is obvious that for more than one reason plaintiff ought not succeed. He testified that his wife had charge of the office and was office manager, "kept the books of the Hygienic Sanitation Company and done office work

---

[2] His testimony is that his wife told him about it, and "asked" him to see counsel.

in general"; "had charge of the finances of the business"; hired important employes; deposited checks, made out the payroll, paid "the help" and the bills when plaintiff was away.[3] In addition, there was his written authority to deal with the company's account at the Corn Exchange National Bank.

The learned trial judge was justified in concluding that if plaintiff did not know about the account prior to the attachment he knew of it then and that his subsequent conduct constituted ratification of what had preceded and authorized what followed. When Mrs. Brehm opened the account she did so for the purposes of the business which plaintiff claimed to be his; it was opened in the name in which he was doing business and by one who, as he testified, "had charge of the finances of the business." The account was used for the purposes of that business. It was in the same name in which the earlier savings account in defendant bank had been opened and was still active. Having purported to act for the account of Hygienic Sanitation Company, the objection to ratification, that Brehm could not subsequently affirm and ratify something not originally done on his account, must be rejected. On the inference of agency in cases of husband and wife, see *Sidle v. Kaufman,* 345 Pa. 549, 29 A. 2d 77.

Some of the deposits were in cash and others were said to be by checks drawn to the order of the Hygienic Sanitation Company endorsed for deposit in that account. Appellant's suggestion that the endorsements were forged and that forgery cannot be ratified, is not applicable to the facts shown. It clearly appears, we think, that Mrs. Brehm was authorized by her husband to act for him; the authorized endorsements were not forged; he testified that part of her duty was to deposit

---

[3] He testified he was out on the street almost all the time. Among other statements, he said, "I was running all over the East, I was in Harrisburg, Altoona, Baltimore, Washington, sometimes I wouldn't be home but one day in a week."

checks; we need therefore not consider defendant's point that none of the checks was produced, a point considered in *Interstate Hosiery Mills, Inc. v. First Nat'l Bank,* 139 Pa. Superior Ct. 181, 11 A. 2d 537.

The contention that there was such dispute in the evidence on the subject as to require its submission to the jury is without foundation. Plaintiff's petition for the rule to open the judgment, sworn to by him, is conclusive against him; the bank account was his: *Hess v. Vinton Colliery Co.,* 255 Pa. 78, 87, 99 A. 218; 4 Wigmore, Evidence (3d ed. 1940) section 1066. It is immaterial that he says he did not read the petition; he had opportunity to read it and was bound by the statement of fact on which he asked the court to act.[4] He did not then repudiate what had been done by his wife for the account of the Hygienic Sanitation Company; he allowed the relation with the bank to continue and accepted the benefits resulting from the continued relation. After that date the aggregate of the deposits made was $15,-410.35. It was the duty of the learned judge to deal with the matter as one of law: compare *Moerke v. Peterson Motors, Inc.,* 92 Pa. Superior Ct. 210. The situation is precisely what it would have been if plaintiff had himself opened the account.

It is unnecessary to consider other defenses relied on by defendant.

Judgment affirmed.

---

[4] Compare *Greenfield's Estate,* 14 Pa. 489; *O'Rielly v. Reading Trust Co.,* 262 Pa. 337, 343, 344, 105 A. 542; *Ralston v. Phila. Rapid Transit (No. 1),* 267 Pa. 257, 264, 110 A. 329; *Tribulas v. Continental Equit. Title & Trust Co.,* 331 Pa. 283, 291, 200 A. 659; *Roney v. Clearfield Co. Grange Ins. Co.,* 332 Pa. 447, 453, 3 A. 2d 365.