## Allinder v. Grillo et al.

*Brennan & Brennan,* for plaintiff.

*Dickie, McCamey, Chilicote, Reif & Robinson,* for defendants, Grillo and Atlantic Freight Lines.

*Mercer & Buckley,* for defendant U. S. Steel Co.

WEISS, J., June 23, 1954.—This action in trespass was brought against John Grillo and the Atlantic Freight Lines, a Pennsylvania corporation, to recover personal injuries sustained by minor plaintiff, then 19 years old, in an accident which occurred on July 13, 1949. Subsequently, plaintiffs sued the United States Steel Company, and the two suits were then consolidated for trial.

On July 12, 1949, one Robert Langhurst, driving a tractor-trailer owned by defendant, John Grillo, and leased to defendant, the Atlantic Freight Lines, arrived at the Irvin works of the United States Steel Company

to receive a shipment of steel to be delivered to the Keystone Steel Products Company in New York City. There he presented a bill of lading requesting approximately 50,000 pounds of steel. Pursuant to this request, the employes of the United States Steel Company loaded the trailer with seven bundles of steel weighing 47,115 pounds. Although the loading was done by the employes of the United States Steel Company, the driver of the truck had the right to refuse any load which he considered too heavy.

It was shown that the weight of this particular load was 23,555 pounds in excess of that allowed to be transported under the laws of this State.

After the loading was completed, the trailer was uncoupled and the driver returned to his home for the night. The next morning he returned to the Steel Company, accompanied by plaintiff, Donald Elwood Allinder. Plaintiff was to accompany the driver on his trip. There appears to be considerable controversy as to whether plaintiff was authorized to make this trip by either the owner, John Grillo, or the lessee, the Atlantic Freight Lines.

After attaching the tractor and trailer, the driver proceeded on his trip to New York. As he was descending a hill on Lebanon Church Road, the brakes of the tractor-trailer failed to operate. In attempting to control the tractor-trailer, the driver swerved into Mifflin Road; but in doing so, the trailer separated from the tractor, causing the tractor part of the unit to jump the curb and collide with a pole on the side of the road. The plaintiff sustained serious injuries from this collision.

It was shown that the tractor-trailer unit was less than a year old and apparently was in good condition. The defendants also proved that the weight of this

load, although in excess of that permitted under State law, was within the actual capacity which the tractor-trailer was capable of safely carrying.

This case was tried before a jury. After due deliberation, the jury indicated they were unable to agree on a verdict. Thereupon, all of the defendants filed motions for judgment on the whole record under authority of the Act of April 20, 1911, P. L. 70, sec. 1, 12 PS §684.

The motion for judgment on the whole record will only be entered for defendant if binding instructions should have been given in his favor at the trial. The evidence must be viewed in the light most favorable to plaintiff and only conflicting testimony must be resolved in his favor: McFadden v. Pennzoil Company, 336 Pa. 301; Shapiro v. Philadelphia Electric Company, 342 Pa. 416; Brehm v. Wyoming Bank and Trust Company, 351 Pa. 281.

Considering the motions of John Grillo and the Atlantic Freight Lines, it is the opinion of this court that their motions must be refused.

There were many facets of this case which only a jury could properly decide. To mention a few, the jury must decide:

1. What was the status of plaintiff while he was riding in the tractor?

2. Who gave permission for plaintiff to be in the tractor?

3. Under whose control was the driver of the truck?

4. Was mechanical failure of the brakes the cause of the accident?

These are questions of fact which this court is unable to decide, as a matter of law, from the record. There were many inconsistencies and contradictions in the testimony. The jury is the proper body to resolve

these, and this court would be invading their province were it to do so for them.

Therefore, since the trial judge properly refused the motions of John Grillo and the Atlantic Freight Lines for binding instructions, their motions for judgment on the whole record must also be refused.

After carefully considering the motion for judgment on the whole record made by the United States Steel Company, this court is of the opinion that the motion should be granted.

The entire record indicates that the only part which the United States Steel Company played in this case consisted of loading the tractor-trailer with a quantity of steel in excess of that permitted to be transported under the State law. It is to be noted that the statute does not make it illegal to overload a truck but only makes it illegal to transport an excessive weight on the highways. Act of May 1, 1929, P. L. 905, 75 PS §453. The United States Steel Company received from the Atlantic Freight Lines a bill of lading to load approximately 50,000 pounds of steel on the truck. They proceeded to load 47,115 pounds.

Therefore, the only basis for imposing liability on the United States Steel Company would be that the United States Steel Company was responsible for the size of the load and that the size of the load was the proximate cause of the negligence complained of.

This court has carefully perused the record in this case to find out who determined the size of the load. The following stand out as material uncontradicted facts:

1. The driver, Langhurst, presented to the United States Steel Company a bill of lading of the Atlantic Freight Lines calling for approximately 50,000 pounds of steel.

2. The United States Steel Company proceeded to load the truck in accordance with the bill of lading.

3. The United States Steel Company properly loaded the truck.

4. The weight of the load was within the actual load capacity of the truck.

5. The United States Steel Company acted pursuant to the bill of lading and that the bill of lading was the factor which determined how much steel was to be loaded.

6. The driver of the truck had the right to reject any load which he considered unsafe.

The above factors were uncontradicted and will be accepted as true. From these facts, the conclusion appears inescapable that the size of the load was determined by the shipper under his bill of lading and not by the United States Steel Company.

Since the responsibility for the amount of steel which was loaded rests with someone other than the United States Steel Company, there was no breach of any duty to plaintiff by the mere ministerial act of loading the truck.

By the failure of plaintiff to prove the breach of any duty owing to him by the United States Steel Company, he has failed to sustain the burden of proof required and a verdict should have been directed in favor of the United States Steel Company.

Therefore, the motion of the United States Steel Company for judgment on the whole record is hereby granted.

### Order of Court

And now, to wit, June 23, 1954, it is hereby ordered, adjudged and decreed that the motions of John Grillo and the Atlantic Freight Lines for judgment on the whole record are hereby denied.