FRANCIS J. BERNHARDT, III, P.C.

v.

Abraham T. NEEDLEMAN, S. Allen Needleman and Needleman and Needleman, P.C., Appellants.

FRANCIS J. BERNHARDT, III, P.C., Appellant,

v.

Abraham T. NEEDLEMAN, S. Allen Needleman, and Needleman and Needleman, P.C.

Superior Court of Pennsylvania.

Argued Oct. 4, 1997.
Filed Dec. 23, 1997.
Reargument Denied Feb. 26, 1998.

S. Allen Needleman, Philadelphia, for appellants (at 4268) and appellees (at 118).

Frank A. Rothermel, Philadelphia, for Bernhardt.

Before CIRILLO, President Judge Emeritus, and SAYLOR and OLSZEWSKI, JJ.

CIRILLO, President Judge Emeritus:

Francis Bernhardt, III, P.C. (Bernhardt) brought this action seeking recovery of an unpaid referral fee under breach of contract and conversion theories. The Court of Common Pleas of Philadelphia County awarded damages on the breach of contract claim, but dismissed the conversion claim. The court entered judgment against Abraham Needleman, S. Allen Needleman, and Needleman & Needleman, P.C. (collectively "Needleman") in the amount of $9,184.00 plus interest. Needleman filed a post-trial motion for relief, and that motion was denied. Needleman now appeals from the order denying the post-trial motions and Bernhardt cross-appeals from that same order. We affirm in

part, reverse in part and remand with instructions to award punitive damages, attorney's fees, and costs against Needleman.

Both parties to this appeal are attorneys. Kathleen White retained the firm of Bowers & Keogh, P.C. to represent her in a personal injury action. Bowers & Keogh subsequently became D. Webster Keogh Associates, P.C.[1] While in the employ of D. Webster Keogh Associates, P.C., Bernhardt referred Mrs. White's lawsuit to S. Allen Needleman in exchange for 40% of the 40% contingent attorneys' fee or 16% of the gross recovery. Needleman settled the case in June of 1992 and failed to advise Bernhardt of the settlement. Bernhardt learned of the settlement from the client sometime in October of 1992, whereupon he wrote to Needleman requesting information on the status of his share of the proceeds. Needleman replied by advising Bernhardt that the matter was settled and the total attorneys' fees were $22,960.00. Needleman acknowledged that Bernhardt was entitled to the referral fee, but stated that no money was set aside for the referral fee due to the very poor financial condition of his firm. Needleman concluded by stating that Bernhardt could either accept a reduced fee or litigate the matter to which Needleman would raise a quantum meruit defense.

Bernhardt refrained from bringing suit for over one year. Meanwhile, Needleman continued to assert the poor financial condition of his firm, promised big settlements on the horizon that would enable him to pay the fee, and vacationed in Florida. Bernhardt finally suggested that he would have to bring this matter before the court prior to expiration of the statute of limitations. While continuing to acknowledge his obligation, Needleman responded: "[R]est assured that I will vigorously oppose any form of litigation." Thus, he brings this appeal.

This appeal raises questions of law, admission of evidence, and findings of fact. Our standard of review on questions of law is simple. If a trial court erred in its application of the law, an appellate court will correct

1. D. Webster Keogh Associates subsequently became Keogh & Bernhardt, P.C. which later became Francis J. Bernhardt, P.C.

the error. *Hatalowich v. Redevelopment Auth. of Monessen,* 454 Pa. 481, 312 A.2d 22 (1973); *Cowen v. Krasas,* 438 Pa. 171, 264 A.2d 628 (1970). When reviewing the trial court's admission of evidence, we must determine whether the trial court abused its discretion or committed an error of law. *Commonwealth v. Claypool,* 508 Pa. 198, 495 A.2d 176 (1985); *Snyder v. Snyder,* 427 Pa.Super. 494, 629 A.2d 977 (1993); *Strickler v. Huffine,* 421 Pa.Super. 463, 618 A.2d 430 (1992). Finally, when reviewing a trial court's findings of fact, our only function is to determine whether there is competent evidence in the record from which facts necessary to sustain the judgment might properly be found. *Lawner v. Engelbach,* 433 Pa. 311, 249 A.2d 295 (1969).

Needleman first claims that the trial court lacked jurisdiction because (a) Bernhardt did not plead or prove its standing to sue and is not the real party in interest, and (b) Bernhardt failed to join D. Webster Keogh Associates, P.C. as an indispensable party.[2] We take these arguments together because the defense that the plaintiff is not the real party in interest, when raised by preliminary objection, is essentially the objection that plaintiff failed to join an indispensable party. 6 Goodrich Amram 2d § 2003:2 n.87; *see also Hess v. Harleysville Mut. Casualty Co.,* 15 D. & C. 2d 313 (1957).

■ Needleman erroneously contends that "Rule 1019(a) of the Pennsylvania Rules of Civil Procedure requires that all complaints be plead [sic] factually and more importantly, specifically." That rule provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. 1019(a). Bernhardt satisfied the requirements of Rule 1019(a) by averring "Bernhardt P.C. is the successor corporation to D. Webster Keogh Associates, P.C." Therefore, Needleman's argument must fail.

Even if the trial court erred, we would not reverse the judgment of a trial court where the error was harmless. *Whistler Sportswear, Inc., v. Rullo,* 289 Pa.Super. 230, 247, 433 A.2d 40, 49 (1981) (stating "[w]here [an] error has worked no injury to the appellant, the judgment will not be reversed"). A copy of the corporate name change was admitted into evidence and the trial judge was satisfied that Bernhardt was the successor to D. Webster Keogh Associates P.C. and Keogh & Bernhardt, P.C. Even if the trial judge sustained Needleman's preliminary objection, Bernhardt would have been granted leave to establish the proper joinder as he did at trial. This argument fails because the trial judge properly found that all indispensable parties were properly represented and, therefore, any error "worked no injury to the appellant." *Whistler Sportswear, supra.*

Needleman next asserts that the trial court erred by admitting evidence pertaining to Bernhardt's rights under the contingent fee agreement. Needleman essentially complains that the contingent fee agreement was negotiated with Bowers & Keogh, yet the pleadings indicate only that Francis J. Bernhardt & Associates was the successor to D. Webster Keogh and Associates. This issue is similarly without merit. Needleman admitted at trial that his referral fee agreement was with D. Webster Keogh and Associates. D. Webster Keogh and Associates was the corporate successor to Bowers & Keogh. Again, the trial judge's findings were supported by competent evidence and worked no injury to Needleman. *Whistler Sportswear, supra.*

■ Needleman urges that the court erred in awarding damages in an assumpsit action in excess of the plaintiff's prayer for relief. In support of this proposition, Needleman cites *House of Pasta v. Mayo,* 303 Pa.Super. 298, 449 A.2d 697 (1982). Needleman's reliance on *House of Pasta* is misplaced. *House of Pasta* discusses the trial judge's discretion to mold a jury verdict to conform to the jury's intent. In the present case, Needleman was put on notice that the claim could exceed the stated amount by Bernhardt's prayer for "whatever other relief this court deems just and proper." *See, e.g., Donlin v. J.J. Newberry Co.,* 319 Pa.Super. 310, 466 A.2d 174 (1983) (holding that loss of earnings was sufficiently encompassed by general

---

**2.** Bernhardt's first issue on cross-appeal is a response to this issue and they will be addressed together.

prayer for relief). Accordingly, Needleman's argument on this point is without merit. *Donlin, supra.*

■ Needleman's fourth issue address the propriety of holding S. Allen Needleman, Esquire, personally liable for his actions where he was acting on behalf of Needleman & Needleman, P.C.[3] As Bernhardt correctly points out:

Under the participation theory, the court imposes liability on the individual as an actor rather than as an owner. Such liability is not predicated on a finding that the corporation is a sham and a mere alter ego of the individual corporate officer. Instead, liability attaches where the record establishes the individual's participation in the tortious activity.

*Wicks v. Milzoco Builders, Inc.,* 503 Pa. 614, 621, 470 A.2d 86, 89–90 (1983). The record adequately demonstrates S. Allen Needleman's wrongful conduct. Needleman should have notified Bernhardt of the settlement and forwarded sixteen percent of the gross proceeds or retained that amount in a separate account until any dispute over its entitlement was resolved. *See* Pennsylvania Rules of Professional Conduct, Rule 1.15 (explaining that a lawyer should promptly notify other individuals of receipt of funds in which that person has an interest and the lawyer should keep those funds separate). Under the participation theory, a finding of personal liability was proper. *Wicks, supra.* Therefore, we will not reverse the trial court's ruling on this issue.

■ Needleman's fifth issue is whether the trial court erred in finding that a contract, calling for a forty percent (40%) referral fee, existed between the parties.[4] This argument is contrary to the Needleman's own admissions. In a letter from S. Allen Needleman to Bernhardt, dated October 26, 1992, Needleman writes "[t]here is no question that you are entitled to a referral fee." At trial, Needleman acknowledged the existence of a contract for a forty-percent refer-

ral fee, but claimed that it was fraudulently induced. Fraud speaks to the voidability of a contract, not its existence. *De Joseph v. Zambelli,* 392 Pa. 24, 139 A.2d 644 (1958). Because Needleman has admitted the existence of the contract, he cannot now dispute that. Therefore, this argument is meritless.

■ Needleman's sixth issue is whether the trial court erred in not finding that Needleman converted that share of the settlement owing to Bernhardt.[5] "Conversion is the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." *Shonberger v. Oswell,* 365 Pa.Super. 481, 484, 530 A.2d 112, 114 (1987) (citing *Stevenson v. Economy Bank of Ambridge,* 413 Pa. 442, 451, 197 A.2d 721, 726 (1964)). "Money may be the subject of conversion." *Id.* at 485, 530 A.2d at 114 (citing *Pearl Assurance Co. v. National Ins. Agency,* 151 Pa.Super. 146, 156, 30 A.2d 333, 337 (1943)).

The trial judge correctly stated that failure to pay a debt is not conversion. *Petroleum Marketing v. Metropolitan Petroleum Corp.,* 396 Pa. 48, 151 A.2d 616 (1959). Bernhardt, on the other hand, makes a persuasive argument that this was not a debt. Bernhardt argues that the settlement proceeds were property in which the client and both attorneys had an interest. Our research suggests that this is an issue of first impression. Because there is no authority on this issue, Bernhardt points to the Rules of Professional Conduct for the proposition that settlement proceeds are property in which both attorneys have an interest. Although the Rules are not designed to be a basis for civil liability, we find them instructive.

■ The comment to Rule 1.5 provides that "[a] division of fee is a single billing to a client covering the fee of two or more lawyers who are not in the same firm." The comment further states that a fee division "most often is used when the fee is contingent and the division is between a referring lawyer and a trial specialist." This language

---

**3.** Bernhardt's second issue on cross-appeal is a response to this issue and they will be addressed together.

**4.** Bernhardt's third issue on cross-appeal is a response to this issue and they will be addressed together.

**5.** Bernhardt's fourth issue on cross-appeal is a response to this issue and they will be addressed together.

supports the contention that the referring attorney and the trial specialist are splitting a fee to which both have a separate and distinct property right. Indeed, the settlement proceeds or recovery is a *res* in which the trial attorney and the client have an interest. There can be no doubt that an attorney is liable to a client in conversion for failing to properly dispose of client funds. *Rubin Quinn Moss Heaney & Patterson, P.C. v. Kennel*, 832 F.Supp. 922, 931–32 (E.D.Pa.1993). A client and a contingent fee attorney contract for specified percentage interests in property—the proceeds of the lawsuit. Similarly, the contract for the referral fee is a contract for a division of work in exchange for a division of property—the attorneys' interest in those proceeds. Accordingly, this court holds that, once a fee has been received, the referral fee can be the subject of a conversion. Furthermore, the attorney's law firm can be vicariously liable for conversion. *Id.* at 932. Therefore, Needleman's failure to account to Bernhardt for his share of the proceeds was a conversion and we reverse the trial court's holding on this issue.

Bernhardt's final issue is whether the trial court erred in "awarding no punitive damages against the Needleman defendants where it specifically found that the defendants' *conduct* in misappropriating the entire attorney's fees in the underlying tort action was intentional and 'inexcusable.'" We first note that Bernhardt mischaracterizes the trial judge's findings. The trial judge found that the "Defendants' *explanation* was unbelievable and inexcusable." In awarding punitive damages, "[t]he proper focus is on 'the act itself together with all the circumstances." *Rizzo v. Haines*, 520 Pa. 484, 507, 555 A.2d 58, 69 (1989). The focus, therefore, is on the conduct, not on the excuses offered at trial. Furthermore, "'[p]unitive damages may be awarded for conduct that is outrageous, because of defendant's evil motive or his reckless indifference to the rights of others.'" *Feld v. Merriam*, 506 Pa. 383, 395, 485 A.2d 742, 747–48 (1984). We will not hold that all "unbelievable and inexcusable" conduct is "outrageous" as a matter of law. Therefore, this issue is without merit.

Nevertheless, after reviewing Needleman's conduct and correspondence, this court is outraged. Needleman's vigorous opposition to this litigation and prosecution of this appeal is merely intended to harass Bernhardt and delay the time in which he is required to make good on his acknowledged obligation. Let it be clear that such a use of the taxpayer-funded courts of this Commonwealth will not be sanctioned. Our finding on the conversion issue enables this court to award punitive damages. Therefore, we remand for the assessment of punitive damages. Furthermore, it is within this court's discretion, pursuant to Pa.R.A.P. 2741, 2743 and 2744, to award attorneys' fees and costs of this appeal. Accordingly, we instruct the trial court to award attorney's fees and costs.

Affirmed in part, reversed in part, and remanded with instructions to award punitive damages, attorneys' fees and costs.

Jurisdiction is relinquished.

SAYLOR, J., concurs in the result.