J-A07006-25

2025 PA Super 98

| STANLEY J. ZUKOS JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WEN HUI ZIE AND ANITA LUI | : | No. 770 MDA 2024 |

Appeal from the Order Entered April 29, 2024
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2022-04759

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

OPINION BY BOWES, J.:                                    **FILED: MAY 6, 2025**

Stanley J. Zukos Jr. ("Plaintiff") appeals from the April 29, 2024 order, granting the motion for summary judgment filed by defendants Wen Hui Zie and Anita Lui ("Defendants").  We affirm.

The parties have a contentious history, which we glean from the certified record.  In early 2018, Ms. Lui purchased a residence at a sheriff's sale. Plaintiff, who was its immediate prior owner, still lived on the property and refused to leave following the sale.  As is pertinent to this appeal, he had an extensive train collection at the house, which he valued at approximately $650,000, as well as hundreds of other personal effects.  **See** Amended Complaint, 2/24/23, at 2-4; **id**. at Exhibit B (detailing the personal items and their estimated value).

Ms. Lui filed a complaint for possession/ejectment.  Although the magistrate court initially found in favor of Ms. Lui and ordered a monetary

award to her, the eviction proceedings were ultimately stayed, and Plaintiff was permitted to remain on the property if he paid a specific sum into escrow each month. During the ensuing proceedings, Ms. Lui petitioned to add her husband, Mr. Zie, as a plaintiff in the ejectment action. Ultimately, the trial court granted Defendants' summary judgment motion and awarded possession to them.

On February 18, 2020, Defendants took possession of the property, forcibly ejected Plaintiff, and provided him written notice that he had until March 19, 2020 to remove his personal property. The letter notice, sent from Defendants' attorney to Plaintiff's counsel, provided in pertinent part as follows:

> As discussed previously, pursuant to 68 P.S. § 250.505a(a) of the Landlord Tenant Act, my client will maintain [Plaintiff's] personal property left in the home for thirty days, which takes us to March 19, 2020.
>
> Please go through my office to make arrangements for [Plaintiff] to retrieve his personal property within that time frame and please do so in writing. When the time comes for [Plaintiff] to retrieve his personal property, we will have a constable present, at our expense. If the property is not retrieved by March 20, 2020, it will be abandoned pursuant to [§] 250.505a(a).

Motion for Summary Judgment, 3/26/24, Exhibit A at unnumbered 3 (citations altered). Plaintiff failed to retrieve his property, including the extensive train sets. On March 30, 2020, he filed an emergency petition to extend the deadline to April 1 to remove his belongings. After a hearing, the court denied the petition.

Meanwhile, Plaintiff appealed from the court's possession decision. As part of that appeal, he also filed in this Court an application for emergency relief relating to the retrieval of his personal property. Upon review, we affirmed the order granting summary judgment in favor of Defendants and giving them possession of the premises, and denied Plaintiff's application for emergency relief. *See Lui v. Zukos*, 237 A.3d 488, 2020 WL 2764413 (Pa.Super. 2020) (non-precedential decision). We explained our holding regarding Plaintiff's personal property request thusly:

> [O]n April 9, 2020, [Plaintiff] filed an emergency petition to extend [the] deadline to remove personal property from real estate based on the COVID-19 pandemic crisis. [Plaintiff] had previously sought relief with the trial court, which denied his petition on March 31, 2020.[9] In light of our disposition and the trial court's order, we deny [Plaintiff]'s request for relief.
>
> _____
> [9] In its order, the court indicated that [Plaintiff] was evicted from the residence and [Ms.] Lui took possession on February 18, 2020. [Plaintiff] was then given [thirty] days, or until March 19, 2020 to remove his personal belongings pursuant to 68 P.S. § 250.505a of the Pennsylvania Landlord Tenant Act. However, as of the date of the order, [Plaintiff] had not secured a residence nor did he rent a storage unit for his belongings. The court noted that the matter identified in the emergency petition did not involve an eviction action.

*Id*. at *6 (citation altered).

Shortly after we rendered this decision, Defendants advised Plaintiff that they intended to dispose of his property but would permit him to retrieve it if he satisfied the judgment against him and paid certain storage fees. It is

unclear what, if anything, happened at that point, but it appears that the personal items were not collected.

The instant litigation began when Plaintiff returned to the courts in May 2022, filing a *praecipe* for a writ of summons against Defendants. He alleged two counts, namely, conversion and a violation of § 250.505a for not providing proper notice of disposal after his personal property was deemed abandoned. That statute provides in pertinent part as follows:

(a) Upon the termination of a lease or relinquishment of possession of real property, a tenant shall remove all personal property from the leased or formerly leased premises. Abandoned personal property remaining on the premises may be disposed of at the discretion of the landlord, subject to the provisions of this section.

(b) Personal property remaining on the premises may be deemed abandoned if any of the following apply:

. . . .

(3) An eviction order or order for possession in favor of the landlord has been executed.

. . . .

(d) Prior to removing or disposing of abandoned property, the landlord must provide written notice of the tenant's rights regarding the property. The tenant shall have ten days from the postmark date of the notice to retrieve the property or to request that the property be stored for an additional period not exceeding thirty days from the date of the notice. If the tenant so requests, the landlord must retain or store the property for up to thirty days from the date of the notice. Storage will be provided at a place of the landlord's choosing and the tenant shall be responsible for costs. At all times, the landlord shall exercise ordinary care in handling and securing the tenant's property and shall make the property reasonably available for purposes of retrieval.

(e) Notice shall be sent by first class mail to the tenant at the address of the leased premises and to any forwarding address provided by the tenant, including any address provided for emergency purposes. The notice shall be in substantially the following form:

> Personal property remaining at (address) is now considered to have been abandoned. Within ten days of the postmark date of this notice, you must retrieve any items you wish to keep or contact your landlord at (telephone number and address) to request that the property be retained or stored. If requested, storage will be provided for up to thirty days from the postmark date of this notice at a place of your landlord's choosing, and you will be responsible for costs of storage.

68 P.S. § 250.505a.

The court sustained in part and overruled in part Defendants' preliminary objections, ultimately ordering Plaintiff to file an amended complaint. Plaintiff complied, Defendants presented an answer and new matter, and Plaintiff submitted a reply. With leave of court, Defendants thereafter tendered a motion for summary judgment based upon, *inter alia*, the affirmative defenses of statute of limitations, collateral estoppel, and *res judicata*. Plaintiff filed an answer. The court again heard oral argument and, after taking the matter under advisement, granted Defendants' motion.

Plaintiff timely appealed. The court ordered Plaintiff to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b),[1] and Defendants to submit

---

[1] We remind the trial court that every Rule 1925(b) order must provide "both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge[.]" Pa.R.A.P. 1925(b)(3)(iii).

a response. All parties complied with the court's directives. In its Rule 1925(a) opinion, the court explained that it deemed Plaintiff's action barred by the statute of limitations. *See* Trial Court Opinion, 8/22/24, at 4 (pagination supplied). It also noted, without basing its decision thereon, that the affirmative defenses of *res judicata* and collateral estoppel likely applied. *Id*. at 4 n.2. Alternatively, the court considered the merits of Plaintiff's claims and determined that they failed. Plaintiff puts forth two issues for our consideration:

> 1. Did the trial court commit an error of law and/or abuse its discretion in granting the motion for summary judgment as to [Defendants]' violation of the Landlord/Tenant Act based on the statute of limitations when there is a clear legal and factual conflict between the trial court's opinion and [Defendants]' letter/notice of February 18, 2020 as to the date [Plaintiff]'s personal property was "deemed abandoned" triggering 68 P.S. § 250.505a(d)?
>
> 2. Did the trial court commit an error of law and/or abuse its discretion in granting the motion for summary judgment for the same reasons as to the issue of conversion?

Plaintiff's brief at 3 (some capitalization altered).

We begin with the pertinent legal principles guiding our review. First, "since the application of the statute of limitations to an alleged cause of action is a matter of law to be determined by the court," we conduct a *de novo* review of such orders. ***Est. of Hogarty v. Jeffers Farms, Inc.***, 303 A.3d 482, 488 (Pa.Super. 2023) (cleaned up). Further,

> Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. Our scope of review is

- 6 -

plenary. In reviewing a trial court's grant of summary judgment, we apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Id*. at 487–88 (cleaned up).

Finally, we note that a two-year statute of limitations applies to a violation of the Landlord Tenant Act. *See* 42 Pa.C.S. § 5524(a)(3) (identifying "[a]n action for taking, detaining or injuring personal property, including actions for specific recovery thereof" as one that must be commenced within two years). In that vein, "a cause of action accrues when a plaintiff could first maintain the action to successful conclusion." *Osborne v. Lewis*, 59 A.3d 1109, 1114 (Pa.Super. 2012) (citation omitted).

In its Rule 1925(a) opinion, the trial court determined that the statute of limitations began to "run, at the latest," on the date this Court denied Plaintiff's application for emergency relief, namely, May 27, 2020. Therefore, it expired four days before Plaintiff filed his *praecipe*. *See* Trial Court Opinion, 8/22/24, at 4.

Plaintiff rejects this calculation. He highlights that Defendants' February 2020 letter setting a deadline of March 20 for him to retrieve his belongings stated that the property would not be deemed abandoned unless and until he failed to comply with that timeline. He argues that the requirements for notice in § 250.505a(d) are not triggered until property is abandoned, and that per the language of the letter, the property herein was not abandoned until after

- 7 -

March 20, 2020, when he failed to retrieve his personal items. Since the letter predated the abandonment, and Defendants offered no additional notice after that date, he argues that they did not comply with the requirements of § 250.505a(d) and (e). Thus, he maintains that the statute of limitations could not be triggered until Defendants began to actually remove the property. *See* Plaintiff's brief at 11-13. By his reckoning, the earliest it could have begun to run was June 9, 2020, when Defendants sent his counsel an email advising that Plaintiff could collect his personal effects if he paid a certain sum. *Id*. at 13-14. Since he filed the *praecipe* within two years of that date, he argues that his action is not barred by the statute of limitations. Further, he posits that "[t]here are obvious and clear disputes of material fact that exist as to whether notices were provided in accordance with § 250.505a(d)[,]" and therefore summary judgment was inappropriate. *Id*. at 16.

Contrarily, Defendants aver that Plaintiff's personal property located at the subject residence was abandoned pursuant to § 250.505a(b)(3) when it was left behind upon his ejectment from the premises on February 18, 2020. They claim that they complied with the requirements of § 250.505a(d) by providing Plaintiff notice of the deadline for picking up his abandoned property. Further, Defendants agree with the trial court's calculation of the operative start date for the statute of limitations as May 27, 2020, the date upon which this Court denied Plaintiff's application for emergency relief on appeal to extend the deadline for retrieving his personal effects.

Preliminarily, it bears mentioning that there is a dearth of case law interpreting the pertinent provision of the Landlord Tenant Act. However, our review confirms that Plaintiff's personal property was considered abandoned for purposes of the act when he was ejected from the premises pursuant to the order for possession in favor of Defendants and he did not bring those items with him. *See* 68 P.S. § 250.505a(b)(3). In other words, the property was abandoned on February 18, 2020.

The statute dictates that "[p]rior to removing or disposing of abandoned property, the landlord must provide written notice of the tenant's rights regarding the property." 68 P.S. § 250.505a(d). It further mandates that the notice substantially comply with the following example:

> Personal property remaining at (address) is now considered to have been abandoned. Within ten days of the postmark date of this notice, you must retrieve any items you wish to keep or contact your landlord at (telephone number and address) to request that the property be retained or stored. If requested, storage will be provided for up to thirty days from the postmark date of this notice at a place of your landlord's choosing, and you will be responsible for costs of storage.

68 P.S. § 250.505a(e).

On the day Defendants took possession, Plaintiff was ejected, the property was deemed abandoned, and Defendants sent Plaintiff written notice that he needed to retrieve the property within thirty days. Plaintiff makes much ado about Defendants' language within the notice that the property would be deemed abandoned if Plaintiff failed to retrieve it, as opposed to

explicitly stating that it was abandoned as of the date of the letter. *See* Plaintiff's brief at 15. However, we see this as a matter of semantics. *See* *Lynch v. Lexi's Auto Sales & Service*, ___ A.3d ___, 2025 WL 882704 at *3 (Pa.Super. 2025) (non-precedential decision) (noting "that an argument based on semantics makes a distinction without a difference" (cleaned up)). As detailed, the statute clearly provides that the property was abandoned as of February 18, 2020, when Plaintiff was removed from the premises and the property remained. Defendants then provided him notice of his rights regarding the property, namely that he had thirty days to retrieve the items before Defendants discarded them. As detailed hereinabove, that notice substantially complied with the example set forth in § 250.505a(e). Plaintiff sought extensions of the thirty-day deadline, which the trial court denied, and we affirmed that denial.

Based on the foregoing, we discern no error with the trial court's determination that the instant action began to accrue when this Court affirmed the order denying Plaintiff's request to extend the deadline to pick up his abandoned property. Since the *praecipe* for a writ of summons was filed more than two years after that date, the statute of limitations barred the action asserting a violation of the Landlord Tenant Act. Thus, Plaintiff is not entitled to relief as to his first issue.

Plaintiff next alleges that the trial court erred in granting summary judgment as to conversion based upon a finding that it was barred by the statute of limitations. A conversion cause of action similarly carries a two-

year statute of limitations. ***See Shonberger v. Oswell***, 530 A.2d 112, 114 (Pa.Super. 1987) ("Conversion is an action at law and is, therefore, subject to the two-year statute of limitations. 42 Pa.C.S. § 5524." (citation altered)).

Critically, Plaintiff's argument regarding conversion entails a single sentence and lacks any citation to the record or pertinent authority. To wit, he states in total: "It is also noted that the summary judgment determination by the trial court as to count [two] – conversion should also be reversed for the same reasons as outlined herein." Plaintiff's brief at 17 (some capitalization altered). Notwithstanding Plaintiff's blanket comparison, conversion is a distinct cause of action from the alleged violation of notice under the Landlord Tenant Act. ***See Shonberger***, 530 A.2d at 114 ("Conversion is the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." (cleaned up)). Insofar as Appellant's conversion claim implicates neither the application of § 250.505a nor its language as to abandoned property, Plaintiff's underdevelopment of this argument has impeded our review of this alleged error. ***See Commonwealth v. Armolt***, 294 A.3d 364, 377 (Pa. 2023) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate an appellant's arguments for him." (cleaned up)). Thus, we deem this issue waived.

Accordingly, we affirm the order granting Defendants' summary judgment motion.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/06/2025