COMMONWEALTH of Pennsylvania,
Appellee,

v.

Anthony HORCE, Jr. (Appeal of Michael
T. Hodge), Appellant.

Superior Court of Pennsylvania.

Argued Jan. 26, 1999.
Filed March 3, 1999.

Lenora M. Smith, Harrisburg, for appellant.

Francis T. Chardo, Harrisburg, for appellee.

Before CAVANAUGH, EAKIN, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 Michael T. Hodge appeals from an order issued by the Court of Common Pleas of Dauphin County entering a judgment against him for $25,000.00 on a petition to execute on a surety bond. We affirm.

¶ 2 Mr. Hodge is a professional bail bondsman. He posted a bond in the amount of $25,000.00 for the defendant in the underlying criminal prosecution. On October 6, 1997, the defendant failed to appear for his trial. As a result, the trial court issued a capias for the defendant and ordered the bail forfeited. Four days later the defendant was apprehended and placed in the county jail. It was ascertained that there was a misunderstanding about the trial date in that the defendant believed it was scheduled for October 11, 1997. Defense counsel filed a petition to lift the capias and reinstate bail on October 13, 1997. The trial court granted this petition; on October 15, 1997, the capias was lifted and the defendant was released on the reinstated bail.

¶ 3 A trial was rescheduled for November 19, 1997, and the defendant again did not appear. Once again, a capias was issued and bail was ordered forfeited, but the defendant could not be found. On November 25, 1997, pursuant to the rules of criminal procedure, the Commonwealth notified Mr. Hodge by both regular and certified mail that execution of the bond would take place in thirty days unless he could bring the defendant to the court. The certified letter was returned "no such address" to the district attorney's office. The district attorney on the case telephoned Mr. Hodge in January 1998 to discuss the forfeiture. Thereafter, on February 12, 1998, the district attorney filed a petition to execute on the surety bond. Mr. Hodge filed *a pro se* answer admitting to posting bond for the defendant and to receiving notice of the execution on November 25, 1997. A hearing was held in which Mr. Hodge was represented by counsel. The trial court granted the Commonwealth's petition. This timely appeal followed.

¶ 4 This appeal addresses the status of bail when it is ordered forfeited and subsequently reinstated. Specifically, Mr. Hodge asks us whether "the lower court erred when it granted the Commonwealth's petition to execute on a surety bond even though bail had previously been forfeited and subsequently reinstated without notice to and agreement of the surety in violation of Pa.R.Crim.P 4014 and 4016." Appellant's brief at 3. In short, did the first forfeiture invalidate that bond and require Mr. Hodge to agree to another posting of a bond when the trial court reinstated it?

¶ 5 This issue presents a question of law because it involves application of the bail statutes. "If a trial court erred in its application of the law, an appellate court will correct the error." *Bernhardt v. Needleman*, 705 A.2d 875, 876–77 (Pa.Super.1997). Our scope of review on questions of law is plenary. *Simmons v. Pacor, Inc.*, 543 Pa. 664, 674 A.2d 232 (1996).

¶ 6 The first forfeiture or lack of notice of that forfeiture did not extinguish Mr. Hodge's responsibility as a surety on the defendant's bond. When the bond was reinstated by the trial court nine days after the initial forfeiture, it continued as bail posted on behalf of the defendant. Pennsylvania Rule of Criminal Procedure 4014 sets forth the duration of obligation on a bond: *"Unless bail is revoked,* a bail bond shall be valid until the full and final disposition of the case, including all avenues of direct appeal to the Supreme Court of Pennsylvania." Pa. R.Crim.P. 4014 (emphasis added). The bond in this case was not revoked, it was ordered forfeited. "Revocation of bail simply denies an individual defendant the opportunity to remain outside of custody pending the outcome of his judicial process. Bail forfeiture is a process whereby an individual defendant surrenders part or all of his bond and is appropriate when he breaches a condition of his bail." *Commonwealth v. Chopak,* 532 Pa. 227, 615 A.2d 696 (1992). Therefore, Mr. Hodge's argument that the forfeiture constituted a revocation of the bond is erroneous. Thus, the first forfeiture did not prevent the posted bond to continue as bail for the defendant.

¶ 7 The lack of notice of the first forfeiture does not affect Mr. Hodge's obligation on the surety bond. The criminal rules regarding forfeiture of a bond state that

(a) When a monetary condition of release had been imposed and the defendant has violated a condition of the bail bond, the bail authority may order the cash or other security forfeited and shall state in writing or on the record the reasons for doing so.
(b) Written notice of the forfeiture shall be given to the defendant and any surety, either personally or by both first class and certified mail at the defendant's and the surety's last known addresses.
(c) The forfeiture shall not be executed until 20 days after notice of the forfeiture order.
(d) The bail authority may direct that a forfeiture be set aside or remitted if justice does not require the full enforcement of the forfeiture order.

Pa.R.Crim.P. 4016. While there is a requirement to give notice of forfeiture to a surety, there is no exact time frame within which the notice must be given. The statute states that "[w]ritten notice must be given of the forfeiture." Pa.R.Crim.P. 4016(A)(2)(b). In other words, there is no requirement that notice must be dispatched immediately or within a certain period of days following the forfeiture. There is a limit set, however, on when the forfeiture can be executed. The Commonwealth must wait at least twenty days after giving notice of the forfeiture before it can execute on the forfeiture. The comments to this rule state that the reason for this waiting period is to "give the surety time to produce the defendant." *Id.* 4016 comment. Additionally, a court has the authority under 4016(A)(2)(d) of the rule to set aside a forfeiture. These provisions logically lead to the conclusion that if the forfeiture is set aside, there is no need to give notice because there is no longer liability on that forfeiture order. Also, since bail continues unless it is revoked, lack of notice before a forfeiture order is set aside certainly does not cancel the existing bond. Accordingly, Mr. Hodge remained liable on the surety bond after the first forfeiture was set aside and the bail was reinstated.

¶ 8 A further reason to support our holding that Mr. Hodge remained liable on the surety bond is based on a court's "inherent powers to enact such measures [necessary] to effectuate the administration of justice." *Chopak,* 615 A.2d at 703. In *Chopak,* the trial court first issued an order that revoked the defendant's bail. Subsequently, the trial court amended that order to require a partial forfeiture of the bail. Our Supreme Court explained that "[t]o suggest that by virtue of issuing a preliminary order requiring bail 'revocation' the trial court is somehow precluded from subsequently issuing an order of partial forfeiture is to fail to recognize the broad powers available to a court in order to promote justice." *Id.* at 703 n. 7. We conclude that these broad powers, as well as the authority of the court under the bail rules, support the action of the trial court in this case.

¶ 9 Finally, we also find support for our decision in the surety agreement executed by Mr. Hodge and in his own admissions under oath. The surety agreement states:

> I understand that when a monetary condition of release is imposed, if the defendant appears at all times required by the court and satisfies all other conditions set forth in the bail bond, *then upon full and final disposition of the case, this bond shall be void.* If the defendant fails to appear as required or to comply with the conditions of the bail bond, *then this bond shall remain in full force,* and the full sum of the monetary condition of release may be forfeited, the defendant's release may be revoked, and a warrant for the defendant's arrest may be issued.

Certified Record, Surety Information Page dated 6/5/97 (emphasis added). This contractual language reflects an agreement that the posted bond would continue until full disposition of the case or actual forfeiture of the bond. Moreover, Mr. Hodge admitted in his answer to the Commonwealth's petition that he was the bail bondsman for the defendant and that he received notice of the forfeiture. In his brief, Mr. Hodge argues that he did not know about the October forfeiture when he filed this answer. During the hearing on the petition, however, Mr. Hodge testified that he found out about the October forfeiture during the mid-January telephone call from the district attorney. N.T., 4/1/98, at 11. Mr. Hodge filed his answer subsequent to this telephone call. Moreover, we have already concluded that no notice of the first bail forfeiture was required because it was set aside.

¶ 10 Accordingly, the order is affirmed.