J-S56011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELIJAH BERNAND EDGE, JR., | |
| APPEAL OF: JAMES P. FABIE, BAIL BONDSMAN, | |
| Appellant | No. 1907 MDA 2014 |

Appeal from the Order October 14, 2014
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002302-2013

BEFORE: SHOGAN, JENKINS, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 22, 2015**

In this appeal, bail bondsman[1] James P. Fabie ("Fabie") appeals from

the order entered on October 14, 2014, denying his petition for release of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] While the record reflects that Fabie is a professional bondsman (certified record at 21, Petition of Surety for Bail Piece and Affidavit, 3/27/14), the record also reveals that Fabie posted a Surety Bond in this matter. Certified Record at 10. While the terms surety and bondsman are often used interchangeably, they are not synonymous. ***See Commonwealth v. Liberty Bail Bonds***, 8 A.3d 1031, 1032 (Pa. Cmwlth. 2010) (explaining the distinctions between sureties and bondsmen and citing Pa.R.Crim.P. 531 and 42 Pa.C.S. § 5741). We also note that, effective October 30, 2015, 42 Pa.C.S. § 5741 will be amended to clarify these roles.

surety and forfeiting the bail he posted on behalf of Elijah Bernand Edge, Jr.

("the defendant").  We affirm.

The relevant facts and procedural history of this matter were set forth

by the trial court as follows:

> The defendant was arrested on June 20, 2013 on several felony charges.  Bail was set in the amount of $10,000 cash or bond.  [Fabie] is a professional bondsman licensed in several counties, including Cumberland.
>
> On January 8, 2014, the defendant entered a guilty plea to one count of possession with intent to deliver cocaine.  He was directed to appear for sentence before this Court on February 18, 2014.  When he failed to appear as directed, we immediately issued a bench warrant for his arrest and forfeited his bail.  On that same day[, Fabie] was notified by phone of [the] defendant's failure to appear.  He received a copy of our order forfeiting bail shortly thereafter.
>
> [Fabie's] efforts to locate the defendant can be described as minimal at best.  [Fabie] tried to call the defendant as well as the indemnitors, his aunt and fiancé, but the phones were dead.  He went to the defendant's residence once, but it was vacant.  [Fabie] did virtually nothing else other than check the defendant's credit score and talk to a Pennsylvania State Trooper.  He did not even request a bail piece until March 27, 2014, more than 5 weeks after the bench warrant had issued.
>
> The defendant was apprehended by law enforcement in June 2014.  On July 1, 2014, he was sentenced to pay a fine of $1,000 and to undergo imprisonment in a state correctional institution for not less than 1 nor more than 7 years.

Trial Court Opinion, 3/9/15, at 1-2 (footnotes omitted).[2]

_____

[2] A bail piece authorizes the surety on a bail bond to apprehend and detain the defendant in order to bring him before the bail authority.  Pa.R.Crim.P. 536(B).

On September 22, 2014, Fabie filed a petition for exoneration and release of surety. On October 14, 2014, the trial court denied Fabie's petition and forfeited the $10,000 bail that Fabie posted on the defendant's behalf. Fabie filed a timely appeal. Both Fabie and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Fabie raises one issue for this Court's consideration: "Whether the Trial Court erred in granting full forfeiture of the $10,000 bail?" Fabie's Brief at 4.[3] Our standard of review in cases involving a decision to grant or deny remission of bond forfeiture is as follows:

> The decision to allow or deny a remission of bail forfeiture lies within the sound discretion of the trial court. Accordingly, our review is limited to a determination of whether the court abused its discretion in refusing to vacate the underlying forfeiture order. To establish such an abuse, the aggrieved party must show that the court misapplied the law, exercised manifestly unreasonable judgment, or acted on the basis of bias, partiality, or ill-will to that party's detriment.
>
> [**Commonwealth v.**] **Mayfield**, [827 A.2d 462, 465 (Pa. Super. 2003)] (internal citations omitted). "If a trial court erred in its application of the law, an appellate court will correct the error." **Commonwealth v. Horce**, 726 A.2d 1067, 1068 (Pa. Super. 1999). "Our scope of review on questions of law is plenary." **Id**.

---

[3] We direct Fabie's attention to Pa.R.A.P. 2111(a)(10) and (11) that require an appellant to include in his appellate brief the Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court's Pa.R.A.P. 1925(a) opinion. Here, Fabie failed to comply with those briefing requirements. However, because this failure does not present a substantial impediment to our review, we proceed with our analysis.

*Commonwealth v. Hernandez*, 886 A.2d 231, 235 (Pa. Super. 2005).

When a criminal defendant violates a condition of his bail, Pennsylvania Rule of Criminal Procedure 536 provides that the trial court may sanction the defendant by ordering the forfeiture of the posted bail bond. Pa.R.Crim.P. 536(A)(2). Factors to be considered when determining whether the forfeiture of a bail bond is warranted are as follows:

> (1) whether the applicant is a commercial bondsman; (2) the extent of the bondsman's supervision of the defendant; (3) whether the defendant's breach of the recognizance of bail conditions was willful; (4) any explanation or mitigating factors presented by the defendant; (5) the deterrence value of forfeiture; (6) the seriousness of the condition violated; (7) whether forfeiture will vindicate the injury to public interest suffered as a result of the breach; (8) the appropriateness of the amount of the recognizance of bail; and (9) the cost, inconvenience, prejudice or potential prejudice suffered by the State as a result of the breach. That list is not exhaustive, and trial courts may consider other factors as [the] interests of justice require.

*Commonwealth v. Hann*, 81 A.3d 57, 67-68 (Pa. 2013) (quoting *State v. Korecky*, 777 A.2d 927, 934 (N.J. 2001) (internal citations and quotations omitted)).

Here, the trial court addressed these factors as follows:

> In the case at bar [Fabie] was a professional bondsman. "Courts have uniformly held that a surety's status as a bondsman tends to lean in favor of forfeiture." *Commonwealth v. Hann*, 81 A.3d at 69. He is in the business of posting bond for a premium in order to make a profit. In making the decision to post the bond, he should be well aware of both his responsibilities and the consequences of the defendant's failure to appear. *Id*.

There is no dispute that the defendant's breach of his bail conditions was willful. He did not appear for sentence as directed. This could certainly be considered to be a violation of a serious, if not the primary, condition of his bail. Furthermore, he remained a fugitive for almost four months until he was apprehended by law enforcement.

The amount of the bail was appropriate given the seriousness of the charges faced by, and eventually pled to, by the defendant. [Fabie] did very little to locate the defendant after being notified of his failure to appear. As a result[,] the cost and inconvenience to the Commonwealth was substantial. The defendant remained at large for several months while Commonwealth resources were used to search for and apprehend him.

A vast majority of the factors set forth in the *Hann* case weighed in favor of forfeiting the defendant's bail. On the other hand, we were hard pressed to find any factors which weighed in favor of the exoneration and release of the surety. Based on a totality of the circumstances, we determined that justice would be served by forfeiting the entire amount of the bail.

Trial Court Opinion, 3/9/15, at 3.

After review, we agree with the trial court's conclusion. Here, Fabie conceded that he is a professional bondsman and agreed that the bail amount was appropriate. Fabie's Brief at 9. However, Fabie argues that he "exhausted every resource that he had access to in an effort to apprehend [the defendant], and he claims that the delay associated with the defendant's failure to appear "did not cause any harm to the Commonwealth." *Id*. The record does not support these arguments.

The record reflects that Fabie's "exhaustive" efforts consisted of telephone calls. N.T., 10/14/14, at 4-6. While Fabie testified that he went to the defendant's residence after learning that the defendant failed to

appear for sentencing, Fabie did not seek a bail piece until weeks after the bench warrant was issued. *Id*. at 6. Additionally, with respect to Fabie's claim that the Commonwealth incurred no harm, we note that "'there is an intangible element of injury to the public interest in almost any case where a defendant deliberately' breaches a condition of his bail bond." *Hann*, 81 A.3d at 70 (quoting *State v. Peace*, 305 A.2d 410, 411–412 (N.J. 1973)). Here, the resources expended by the Commonwealth resulted in the defendant's capture, not the efforts expended by Fabie. Moreover, like the trial court, we discern no factors that militate in Fabie's favor.

For the reasons set forth above, we conclude that there was no abuse of discretion. Accordingly, we affirm the order granting forfeiture of the bail posted by Fabie on behalf of the defendant.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/2015