IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darius Foxe,                          :
                         Petitioner   :
                                      :
              v.                      :
                                      :
PA. Dept. of Corrections,             :       No. 214 M.D. 2018
                         Respondent   :       Submitted: February 15, 2019


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION BY
JUDGE COVEY                                   FILED:  July 9, 2019


          Before this Court are the Pennsylvania Department of Corrections'
(DOC) preliminary objections in the nature of a demurrer (Preliminary Objections) to
Darius Foxe's (Foxe) pro se Petition for Writ of Mandamus (Petition) filed in this
Court's original jurisdiction.


## Background

          According to the Petition and the documents attached thereto,[1] Foxe is
incarcerated at the State Correctional Institution (SCI) at Frackville.  On or about
April 2, 2008, Foxe was arrested for firearms violations (Philadelphia County
Common Pleas Court (trial court) Docket No. CP-51-CR-4341-2009) (First Offense).
*See* Petition ¶ 6.  On April 4, 2008, Foxe was released on bail.[2]  *See* Petition ¶ 6.

---

[1] "[C]ourts reviewing preliminary objections may not only consider the facts pled in the
complaint, but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d
365, 369 (Pa. Cmwlth. 2014).

[2] "From the moment he posted bail on the [firearms violations] and was released, [Foxe] was
no longer in custody on that charge." *Commonwealth v. Miller*, 655 A.2d 1000, 1003 (Pa. Super.
1995).

While free on bail pending disposition of his First Offense, Foxe was arrested on November 25, 2009, for attempted murder and firearms violations (trial court Docket No. CP-51-CR-1216-2010) (Second Offense).[3] *See* Petition ¶ 7. Foxe's bail for the Second Offense was set on November 26, 2009, which he did not post. *See* Petition ¶ 8. On June 29, 2010, Foxe was convicted on the First Offense and his bail therefor was revoked. *See* Petition ¶ 9. On August 12, 2010, the trial court sentenced Foxe on the First Offense to serve two 1½- to 3-year terms of incarceration to be served concurrently in an SCI (Original Sentence). *See* Petition ¶ 9.

On July 14, 2011, Foxe entered a negotiated guilty plea relative to the Second Offense and was sentenced on the attempted murder charge to 8 to 18 years in an SCI plus 2 years of probation, and on the firearms violation 3 to 6 years (New Sentence). *See* Petition ¶ 10. Foxe asserts in the Petition that "[t]he [trial court] unequivocally stated on the record that **the sentence [the trial court] imposed for the [S]econd [O]ffense was to run concurrently with the sentence for the [F]irst [O]ffense previously imposed** by [the trial court] and additionally, [Foxe] was to **receive credit for all time served**." *See* Petition ¶ 11 (emphasis in original). In support of this claim, Foxe attached to the Petition the following excerpt from his guilty plea colloquy:

> THE COURT: [] Foxe, as I've intimated, I intend to accept the negotiations and I will sentence in accordance therewith.
>
> So, [] Foxe, on [the Second Offense], the Court imposes a negotiated sentence as follows: Count 1 [(attempted murder charge)], . . . a term of not less than eight years no[r] more than eighteen years in a[n SCI]. That's to be followed by

---

[3] DOC misstates in its brief in support of its Preliminary Objections that "Foxe was arrested and incarcerated on or around November 25, 2009 for charges at [D]ocket [No.] CP-51-CR-004341-2009 [(First Offense)][.]" DOC Br. at 4. Foxe's November 25, 2009 arrest was for his Second Offense.

two years of consecutive reporting probation. You must pay costs and you must pay fees.

Do you understand that?

[FOXE]: Yes.

THE COURT: On . . . Count 3 [(firearms charge)], . . . the Court imposes a term of not less than [3½], no more than [7] years of state incarceration, however, it is to run concurrent, that is to be served at the same time, as the sentence served on the charge of attempted murder.

Do you understand that?

[FOXE]: Yes, sir.

THE COURT: Finally, in accordance with the negotiations, the Court directs that the [New S]entence . . .

is to run concurrent with [Foxe's Original S]entence . . . .

Do you understand your sentence, sir?

[FOXE]: Yes.

. . . .

THE COURT: [] Foxe, I'm going to ask your attorney to articulate for you your appellate rights. Please listen.

MS. KULICK: Your Honor, **I would just ask that you state for the record that he** [is] **entitled to credit for time served**.

THE COURT: **Your motion is granted**.

MS. KULICK: Thank you.

[] Foxe, you heard the terms of your [New S]entence as well as the fact that your guilty plea was accepted. Basically, you're serving [8] to [18] years plus [2] years reporting probation in total to run concurrent, which means at the same time, as the [Original S]entence you are now serving at SCI Chester.

. . . .

3

Do you understand your sentence and your rights?

[FOXE]: Yes.

Petition Appendix (Notes of Guilty Plea, July 14, 2011) at 35-37 (emphasis added).

Foxe represents in the Petition that: "Upon receipt of the DOC DC16E - *Sentence Status Summary* report, [Foxe] learned that [] DOC calculate[d] his controlling minimum date for the [S]econd [O]ffense as July 14, 2019, and the controlling maximum date as July 14, 2029; this is an error and must be remedied." Petition ¶ 4. Foxe declares that his minimum sentence release date should be November 26, 2017, and his maximum sentence release date should be November 26, 2027. *See* Petition at 5. Accordingly, Foxe seeks an order from this Court directing DOC "to recalculate his controlling minimum and maximum dates of confinement"[4] to include credit for the 595 days he was incarcerated between November 26, 2009 and July 14, 2011. Petition at 1; *see also* Foxe Br. at 2.

DOC filed the Preliminary Objections to the Petition averring that Foxe has failed to state a valid mandamus claim. Foxe opposes DOC's Preliminary Objections.[5]

### Discussion

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that

---

[4] Foxe has been continuously incarcerated since November 25, 2009. *See* Petition ¶ 12.

[5] Foxe supplemented his brief in opposition to DOC's Preliminary Objections to include Exhibit A (Original Sentence sentencing order at Docket No. CP-51-CR-4341-2009) and Exhibit B (New Sentence sentencing order at Docket No. CP-51-CR-1216-2010). *See* First Supplement to Petitioner's Brief in Opposition to DOC's Preliminary Objections ¶ 6, Exs. A and B.

the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted).

Here, Foxe, as set forth in his Petition, seeks a mandamus order. This Court has held: "A writ of mandamus is an extraordinary remedy, [] used to compel performance of a ministerial act or a mandatory duty. Mandamus may only be granted where the moving party establishes a clear legal right, the defendant's corresponding duty and the lack of any other appropriate and adequate remedy." *DeGeorge v. Young*, 892 A.2d 48, 51 (Pa. Cmwlth. 2006) (citation omitted).

**Clear Right to Relief**

DOC asserts that Foxe failed to demonstrate a clear right to credit for the time he served between November 26, 2009 and July 14, 2011 because the time was credited toward another sentence. *See* DOC Prelim. Obj. ¶¶ 15-20; *see also* DOC Br. at 7-9. Specifically, DOC maintains that since the trial court did not direct that Foxe's July 14, 2011 sentence was to commence earlier than that date, Foxe "is not entitled to credit towards his [N]ew [S]entence for the time he previously served on the unrelated [Original S]entence[.]" DOC Br. at 8.

Pennsylvania courts award credit for time served pursuant to Section 9760 of the Sentencing Code, which states, in relevant part:

After reviewing the information submitted under [S]ection 9737 [of the Sentencing Code, 42 Pa.C.S. § 9737] (relating

5

to report of outstanding charges and sentences) the court shall give credit as follows:

(1) **Credit** against the maximum term and any minimum term **shall be given** to the defendant **for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed** or as a result of the conduct on which such a charge is based. Credit **shall include credit for time spent in custody prior to trial, during trial, pending sentence**, and pending the resolution of an appeal.

. . . .

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.[6]

42 Pa.C.S. § 9760 (emphasis added). The Pennsylvania Superior Court "has explained that the principle behind statutory credit is that the defendant should be given credit for time spent in custody before being sentenced for a given offense." *Commonwealth v. Merigris*, 681 A.2d 194, 194 (Pa. Super. 1996).

Section 9760(1) [of the Sentencing Code] contains two general elements for credit for time served: (1) the time must be 'spent in custody' and (2) the time must be 'as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.' *See* 42 Pa.C.S. § 9760(1). If both conditions are met, then the defendant is entitled to credit.

---

[6] Pursuant to [Section 9760(4) of the Sentencing Code], credit is to be awarded if, on the date of the defendant's arrest on charges for which he is being sentenced, he was already incarcerated for unrelated charges for which he was not given credit on any other sentence. In such circumstances, the defendant must be given credit for time served from the date of his arrest on the subject charges until the date of his sentencing for those charges, even though he was already incarcerated on unrelated charges on the date of his arrest.

*Miller*, 655 A.2d at 1003.

6

*Commonwealth v. Vidal*, 198 A.3d 1097, 1100 (Pa. Super. 2018). When a sentencing court awards credit for time served, it is awarding credit for time served for *that* offense only. *See* 42 Pa.C.S. § 9760(1).

Foxe's July 14, 2011 sentencing order directed that Foxe was concurrently serving time on both his Original Sentence and his New Sentence as of July 14, 2011. However, pursuant to Section 9760(1) of the Sentencing Code, as of August 12, 2010, Foxe was entitled to Original Sentence credit for all time he spent in pre-sentence custody for his First Offense and, as of July 14, 2011, he was entitled to New Sentence credit for all time he spent in pre-sentence custody for his unrelated Second Offense.[7] Based on this Court's review of the facts pled in the Petition, the relevant timeline is as follows:

- April 2, 2008 – First Offense arrest (bail posted April 4, 2008)

  [free on bail from April 4, 2008 through November 24, 2009]

- November 25, 2009 – Second Offense arrest (no bail posted)

- June 29, 2010 – First Offense conviction (bail revoked)[8]

- August 12, 2010 – Original Sentence imposed

- July 14, 2011 – Second Offense plea/New Sentence imposed

---

[7] Foxe represents in the Petition that his Second Offense was "separate" from his First Offense. Petition ¶ 3.

[8] Bail continues until the case's full and final disposition unless it is revoked. *See* Pennsylvania Rule of Criminal Procedure 534, Pa.Crim.P. 534. "Revocation of bail [] denies an individual defendant the opportunity to remain outside of custody pending the outcome of his judicial process." *Commonwealth v. Horce*, 726 A.2d 1067, 1069 (Pa. Super. 1999) (quoting *Commonwealth v. Chopak*, 615 A.2d 696, 703 n.7 (Pa. 1992)).

Because Foxe had posted bail for the First Offense on April 4, 2008, he was no longer in custody for his First Offense, and he remained free pending disposition thereof. *See Commonwealth v. Miller*, 655 A.2d 1000 (Pa. Super. 1995). Thus, when Foxe was sentenced for his First Offense on August 12, 2010 and the sentencing court awarded him "CREDIT FOR TIME SERVED" on *that* offense, First Supplement to Petitioner's Brief in Opposition to the DOC's Preliminary Objections (Foxe Supp. Br.) Ex. A, he was entitled to credit for the 2 days he was incarcerated between April 2 and April 4, 2008. *See Miller*.

Foxe was free on bail at the time he was arrested for his Second Offense on November 25, 2009. Because Foxe was not in custody on his First Offense when he was arrested for his Second Offense, the time he spent incarcerated between November 25, 2009 and when his First Offense bail was revoked on June 29, 2010 (*i.e.*, 216 days), was time served solely on his Second Offense.[9] Therefore, when his New Sentence commenced on July 14, 2011 and the sentencing court awarded him "CREDIT FOR TIME SERVED" on *that* offense, he was entitled to credit toward his New Sentence for the 216 days he was incarcerated between November 25, 2009 and June 29, 2010. Foxe Supp. Br. Ex. B.

It is unclear based solely on the Petition and its accompanying documents whether the time Foxe spent in custody between his First Offense bail revocation on June 29, 2010, and his sentencing thereon on August 12, 2010, was time served solely for his Second Offense. This Court has no basis upon which to make a ruling as to whether Foxe's custody status changed in any manner after his June 29, 2010 bail revocation, or whether he continued to be incarcerated solely for his Second Offense until he was sentenced on August 12, 2010 for his First Offense. Notably, DOC's Sentence Status Summary reflects under "Sentence Structure" that

---

[9] Because Foxe was not incarcerated on his First Offense when he was arrested for his Second Offense, Section 9760(4) of the Sentencing Code is not applicable here.

Foxe's "Commitment Credit" was computed from "11/26/2009 to 8/12/2010."[10] DOC Prelim. Obj. Ex. A at 1-2. If Foxe was in custody for the 44 days between June 29 and August 12, 2010 solely because of his Second Offense, then he would be entitled to credit for that time also.

This Court acknowledges that "our Courts have consistently held that . . . double credit for time served is neither contemplated, nor authorized, by Section 9760 [of the Sentencing Code.]"[11] *Barndt v. Dep't of Corr.*, 902 A.2d 589, 595 (Pa. Cmwlth. 2006). "The operative rule . . . is that a defendant should receive credit only once for time served before sentencing." *Merigris*, 681 A.2d at 195. Thus, "the sentencing court was precluded from ordering credit for the period of [Foxe's] imprisonment [on his New Sentence] while he was actively serving time on his [Original Sentence]." *Taglienti v. Dep't of Corr.*, 806 A.2d 988, 993 (Pa. Cmwlth. 2002).

Foxe is not, as DOC claims, requesting double sentence credit. Foxe *is* legally entitled to credit toward his New Sentence for the 216 days he was incarcerated between November 25, 2009 and June 29, 2010 solely because of his Second Offense. However, it is not clear based on the Petition whether Foxe is precluded from receiving credit for the 44 days he was in custody from June 29, 2010 to August 12, 2010. Because Foxe can demonstrate that he is entitled to credit for *at*

---

[10] However, DOC's brief and the Sentence Status Summary are based on the incorrect assumption that the time served after November 26, 2009 was for his First Offense, which is not accurate.

[11] Pennsylvania courts interpret Section 9760 of the Sentencing Code to prevent judges from backdating the beginning of a sentence to when the defendant was incarcerated on an unrelated charge. *See Doxsey v. Commonwealth*, 674 A.2d 1173, 1175 (Pa. Cmwlth. 1996) ("It is clear that under this rule a sentencing judge cannot direct that a sentence commence on a date prior to the date of sentencing when the defendant is serving time on an unrelated charge."); *see also Wassell v. Pa. Bd. of Prob. & Parole*, 658 A.2d 466, 469 (Pa. Cmwlth. 1995) ("There is simply no statutory provision which would permit a sentencing judge to either commence a second sentence retroactively, *i.e.*, to have it commence at the same time as a prior sentence, or to provide credit for time served on a prior unrelated charge.").

*least some* of the time he served between November 26, 2009 and July 14, 2011, he has established a clear right to relief.

**Corresponding Duty**

DOC asserts that Foxe failed to demonstrate a corresponding duty on DOC's part to credit him for time he served between November 26, 2009 and July 14, 2011. *See* DOC Prelim. Obj. ¶¶ 21-24; *see also* DOC Br. at 9-11.

> The law is clear that DOC is 'an executive branch agency that is charged with faithfully implementing sentences imposed by the courts.' *McCray* [*v. Dep't of Corr.*], 872 A.2d [1127,] 1133 [(Pa. 2006)]. Where a sentencing court clearly gives credit against the [parole violation] sentence for time served, it is DOC's duty to carry out that sentencing order. DOC is bound to follow a trial court's order granting an inmate credit for time served.

*Allen v. Dep't of Corr.*, 103 A.3d 365, 372 (Pa. Cmwlth. 2014) (citations omitted). Moreover, DOC acknowledges that it was duty-bound to comply with the trial court's July 14, 2011 sentencing order.

DOC declares that Foxe's "sentences at both dockets are listed as running concurrently and [are] calculated accordingly." DOC Br. at 9. However, DOC did not credit Foxe's New Sentence with the 216 days he was incarcerated from November 25, 2009 to June 29, 2010 solely because of his Second Offense, nor the 44 days he *may* be due credit for the time he was in custody between June 29, 2010 and August 12, 2010. Accordingly, DOC did not calculate Foxe's New Sentence pursuant to the July 14, 2011 sentencing order as it was mandated to do.

**Alternate Remedy**

Finally, DOC claims that the proper place for Foxe to challenge that he did not receive the benefit of his negotiated plea was before the sentencing court, and

not by mandamus. *See* DOC Br. at 11. However, "[w]hile mandamus is an extraordinary writ, it can be used to compel DOC to honor particular sentencing orders or to compute a prisoner's sentence properly." *Allen*, 103 A.3d at 372. More specifically, "mandamus is an appropriate remedy to correct an error in DOC's computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question and DOC's computation does not comply with that credit."[12] *Id.* at 370. Accordingly, Foxe properly raised his sentence credit challenge in this mandamus action.

## Conclusion

Accepting Foxe's allegations in the Petition as true, as we must, this Court holds that Foxe has established that he has a clear legal right to credit toward his New Sentence, that DOC failed in its duty to calculate Foxe's New Sentence pursuant to the July 14, 2011 sentencing order, and that mandamus is the appropriate remedy under the circumstances. *See DeGeorge*. Because Foxe has pled a mandamus claim for which relief may be granted, DOC's preliminary objections are overruled. *See Torres*.

_____
ANNE E. COVEY, Judge

---

[12] "[M]andamus is not an appropriate remedy to cure an illegal sentencing order[,]" *Allen*, 103 A.3d at 370, or to obtain credit "where the sentencing order is either ambiguous or does not specify the credit at issue." *Id.* "A challenge to the legality of a sentence is properly raised before the sentencing court or on direct appeal to the Superior Court." *Id.* at 372. None of these situations are present here.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darius Foxe,                        :
                    Petitioner     :
                                   :
            v.                     :
                                   :
PA. Dept. of Corrections,          :        No. 214 M.D. 2018
                    Respondent     :

## O R D E R

AND NOW, this 9th day of July, 2019, the Pennsylvania Department of Corrections' (DOC) preliminary objections to Darius Foxe's pro se Petition for Writ of Mandamus (Petition) are OVERRULED. DOC is directed to file an answer to the Petition within 30 days of the date of this Order.

_____
ANNE E. COVEY, Judge